FREEMAN *v.* MISSISSIPPI POWER AND LIGHT COMPANY

No. 40385      February 25, 1957      92 So. 2d 658

*Travis & Moore,* Jackson, for appellant.

*Bethel Ferguson, A. M. Nelson, Green, Green & Cheney,* Jackson; *Dent, Martin & Ward, Vollor & Thames,* Vicksburg, for appellee.

McGehee, C. J.

This in an appeal from the judgment of the Circuit Court of Warren County affirming the decision of the Workmen's Compensation Commission which had affirmed the decision of the attorney-referee, denying liability to the appellant, Mrs. Fannie Rankin Freeman, the widow and sole dependent of William Pat Freeman, deceased. The employee, William Pat Freeman, died on June 9, 1953, in the Lutheran Hospital at Vicksburg, Mississippi. The record contains the testimony of a number of lay witnesses and of one outstanding physician and surgeon and eight heart specialists as to the cause of the death of the employee, and as to whether

or not his death as an employee of the appellee was caused or contributed to by the performance of his duties as a line foreman for the employer. The record consists of four large volumes and the briefs of counsel consists of 270 pages. In the reply brief of the appellant it is asserted, and we think erroneously so, that: "This Court has demonstrated on numerous occasions that where there is substantial testimony in support of an award, which has been denied by the Workmen's Compensation Commission, it will reverse the Workmen's Compensation Comission and award compensation benefits." The test that we have sought to apply has been not as to whether the claim is supported by substantial evidence, but rather whether or not the finding of the trier of facts, either in allowing or denying the claim, is supported by substantial evidence. We have reversed the Commission when we have determined this issue in the negative.

The case seems to have been briefed by the appellant somewhat upon the theory contained in the foregoing quotation. In the case of Reyer v. Pearl River Tung Co., et al., 219 Miss. 211, 68 So. 2d 442, it was held that where evidence for compensation benefits was *neither disputed nor contradicted* in its material features and was not inherently improbable, such evidence should not be arbitrarily and capriciously rejected, but we do not feel that we are justified in holding that such was true as to the action of the attorney-referee, the Commission and the circuit court in the instant case.

In the recent case of Retail Credit Company v. Coleman, 227 Miss. 791, 86 So. 2d 666, the Court held that the Workmen's Compensation Commission in a compensation proceeding could not disregard the uncontradicted and reasonable testimony of disinterested witnesses, but that nevertheless the burden of proof was on claimants to establish that the employee's death arose out of and in the course of his employment.

In the case of Williams Brothers Company v. Mc-Intosh, 226 Miss. 553, 84 So. 2d 692, the Court held that where, in a workmen's compensation proceeding, Commission's finding on *disputed* question of facts is supported by substantial evidence, circuit courts should not reverse Commission's judgment, and that the Supreme Court will not either. That case further held that where, in such a proceeding, the order of the attorney-referee and Commission denying compensation were against the overwhelming weight of the evidence and were not supported by substantial evidence, circuit court's reversal of cause and award of compensation was proper.

In the case of Cowart v. Pearl River Tung Co., et al., 218 Miss. 472, 67 So. 2d 356, much discussed in the briefs, this Court reversed the finding of the attorney-referee, the Commission, and the judgment of the circuit court where the employee had died of a "massive cerebro-vascular accident" (explained in the testimony as a rupture of a blood vessel in the brain) while actually engaged about the work of her employment in picking up tung (oil) nuts under the trees in the tung orchard of the Pearl River Tung Company. The key point in that decision was that the "stooping and bending" of the employee, who had a pre-existing ailment known as high blood pressure, aggravated, accelerated, and contributed to the precipitation of the accident complained of. There was no dispute about the facts, and we reversed the finding of the attorney-referee and the Commission, and the judgment of the circuit court on the ground, as expressly pointed out in the opinion, that there was no substantial conflict in the medical testimony as to whether or not the stooping and bending by the employee in picking up the nuts from the ground had probably caused the blood to rush to the brain and precipitated the accident and consequent death. None of us

think that that decision can be considered as an authority for the reversal of the instant case.

In the case at bar three doctors testified, including the regular doctor of the employee and the nonexpert heart specialist at the hospital who attended him during the period of approximately forty-five minutes immediately prior to his death after he had his seizure at the hospital, and Dr. Stevenson, a heart specialist of Jackson, testified the death of the employee was according to their best impression about the matter due to a possible dissecting aneurysm, which medical term was explained to mean a rupture of the aorta leading from the heart. If such was the cause of death, we do not understand from the testimony that it would be attributable to the work of the employee's employment. Dr. T. E. Wilson, a heart specialist of Jackson, was of the opinion that he died of angina pectoris. The majority of the nine doctors, eight of whom qualified as experts in the treatment of the heart, as aforesaid, were of the opinion that he had a pre-existing myocardial infarction, but at least four or five of these experts were of the opinion that the work of the employee as line foreman of appellee, Mississippi Power and Light Company, was not an aggravating or contributing cause to his death from the pre-existing heart ailment, whereas a majority of the experts thought that his death could probably have been, or actually was, aggravated and contributed to by the work of the employee in connection with his employment.

Dr. I. C. Knox, Sr. of Vicksburg, the attending physician of the employee at the time of his death, stated very frankly that he didn't know what caused the death, and that "no one else does." The employee arrived at the hospital, unassisted, after 8 o'clock a. m. after having stated to members of his crew that he was feeling better after having shortly prior thereto experienced some pain in his arms and a lump in his throat, but that since the lump and the pains were gone he had decided that

it was unnecessary to enter the hospital and agreed to do so only on the insistence of a member of his crew; and it appears that while waiting to see the doctor, he was seized with pain in the pit of his stomach and, according to the doctor, suffered one convulsion after another until he died. The weather temperature was about 85 degrees, and notwithstanding the specifications of his worksheet as to his duties as line foreman, he had only been supervising from down on the ground some repair work on the lines the day before and the replacement of some transformers and fuses at two or three different places on the line on the morning of his death, while the members of his crew had been doing the actual work on the transformers and in the changing of fuses.

In the Cowart case, supra, the employee was doing the same work which she had been doing regularly prior to the day of her accident, but as pointed out in the opinion in that case, the accident was caused by the stooping and bending while picking up the nuts, and this action on her part was calculated, as it was on previous days, to aggravate and contribute to the accident by reason of the exertion required in stooping and bending over to pick up the tung oil nuts from the ground.

However, we deem it unnecessary to discuss all the facts testified to as to the nature and character of the activities of the employee in the case at bar, since it is sufficient to say that even though there was substantial evidence both pro and con as to whether or not his employment aggravated and contributed to his death the attorney-referee and the Commission resolved the issue of fact against the claim instead of making an award. The only function left for us to perform is to decide as to whether or not there was substantial evidence sufficient to support their action and the judgment of the circuit court in the affirmance of the denial of the claim.

The depositions of an outstanding heart specialist from Brooklyn, New York, and of one from Phila-

delphia, Pennsylvania, were taken, and were considered by the attorney-referee and discussed in his opinion and he treated the same as if they had been formerly introduced in evidence, although after the appellee had gone to considerable expense in obtaining these depositions, it omitted, perhaps inadvertently, to formally introduce them in evidence. Since these depositions were dealt with in the trial briefs on both sides that were submitted to the attorney-referee, and since he dealt with the depositions as a part of the record, we concluded that the motion filed here for the elimination of the said depositions from the record should be and the same was overruled.

We do not deem it necessary to review in detail the testimony of the several lay witnesses and of the medical witnesses, since we are of the opinion that it is sufficient to say that there was substantial evidence on which to deny the claim, even though there may have been substantial evidence to the contrary in support thereof.

The judgment of the attorney-referee, the Commission, and of the circuit court in denying the claim is therefore affirmed.

Affirmed.

*Hall, Kyle. Arrington* and *Gillespie, JJ.,* concur.