RODGERS, Presiding Justice.
This is a workmen’s compensation claim which was appealed to this Court from the Circuit Court of the First Judicial District of Hinds County, Mississippi. The Circuit Court reversed the order of the Workmen’s Compensation Commission in which the claim of the appellee had been denied and dismissed. The Commission held that the claimant Mrs. Jimmie Ann Smith was not entitled to compensation benefits, because her injury did not arise out of her employment. We reverse the judgment of the Circuit Court and reinstate the order of the Workmen’s Compensation Commission for the following reasons.
We hold that the issue here is entirely factual. This is what occurred.
The claimant Jimmie Ann Smith was employed by Odom’s Dispensing Opticians as receptionist with secretarial and bookkeeping duties. She was required to work during the week from Monday through Friday from 8:30 a. m. to 5 :00 p. m. On Saturday she worked only until noon. However, she often worked as long as there were customers present. She had suffered from spinal meningitis in 1959. Otherwise, she enjoyed good health until her injury on March 4, 1969.
On that date a short time after five o’clock, she helped Mr. John Ertle, a fellow employee, move a table through the employer’s place of business down some stairs. She injured her back going down the stairs while holding the lower end of the table. Mr. Joseph C. Odom was present and helped carry one of the chairs belonging to Mr. Ertle. He testified that he told Mrs. Smith not to help carry the table. Mr. Ertle, her fellow employee, also testified that he and Mr. Odom told Mrs. Smith not to help carry the table.
Mrs. Smith contended that she helped Mr. Ertle carry the table so that the offices where the table was located could be renovated and added to the Odom business area.
Mrs. Smith continued to work for several weeks after the accident, but the pain in her back became so severe that she had to quit. She finally underwent an operation on her spine to repair a herniated nucleus pulposis.
We agree with the findings of the Workmen’s Compensation Commission that Mrs. Smith was injured while helping a fellow employee over the expressed objection of her employer, and that her injury did not arise out of her employment. The Mississippi Workmen’s Compensation Commission is the trier of fact and the determination of the Commission will not be disturbed on appeal where there is substantial evidence to support its findings. See cases cited in Freeman v. Mississippi Power & Light Co., 230 Miss. 396, 92 So.2d 658 (1957); and Dunn’s Mississippi Workmen’s Compensation, § 179, 1965 Cumulat-ed Supplement.
*488 The pertinent part of Section 6998-04, Mississippi Code 1942 Annotated (1971 Supp.) is as follows :
“Compensation shall be payable for disability or death of an employee from injury or occupational disease arising out of and in the course of employment, without regard to fault as to the cause of the injury or occupational disease. . ” (Emphasis added)
There is ample testimony shown in the record on which the Commission could properly determine that the employee Mrs. Smith suffered from an injury that did not arise out of her employment.
The judgment of the Circuit Court is therefore reversed, the order of the Workmen’s Compensation Commission is reinstated and the claim dismissed.
Reversed and rendered.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.