CALIFORNIA EASTERN AIRWAYS, INC., et al. *v.* NEAL

No. 40183 June 4, 1956 87 So. 2d 895

*Satterfield, Shell, Williams & Buford,* Jackson, for appellants.

*D. W. Houston, Jr.,* Aberdeen, for appellee.

Roberds, P. J.

This proceeding involves a claim of Jesse Neal, Jr., the appellee, under the Mississippi Workmen's Compensation Act. Article 2, Title 25, Vol. 5A, Miss. Code 1942, Recompiled.

In the months of March and April 1953, Neal was in the employ of California Eastern Airways, Inc., one of the appellants, whom we shall call "Airways" in this

opinion. Firemen's Fund Indemnity Company, the other appellant, was the compensation insurer of Airways. Neal claims that in "the later part of March, 1953", while engaged about his duties as such employee, he raised up and struck, or bumped, his head against a propeller of an airplane, resulting in a cervical disc injury in the region of the fourth or fifth vertebra of his spinal column.

On August 11, 1954, he filed a claim against Airways and its insurer for compensation for such injury. Defendants denied liability on the grounds, First, that Neal had not, within thirty days, given notice to the employer of such injury, as required by Section 6998-18 of said Act, and, Second, that a cervical disc injury had not, in fact, resulted from his head coming into contact with the propeller. Extensive hearings were had before the attorney-referee. The wording of the opinion indicates the attorney-referee did find that Neal, as a fact, gave no actual notice to his employer before he filed his claim August 11, 1954, but he did not adjudicate whether the circumstances were such as to relieve him of the duty of so doing under said Section 6998-18, because he further found, on the merits, the claim was not compensable, which necessarily adjudicated that Neal had failed to prove that he had suffered the described injury, or, if so, that such injury resulted from his head coming into contact with the propeller. The full Commission, on appeal to it, affirmed the findings and conclusions of the attorney-referee. The circuit court, on appeal to it, reversed the findings of the attorney-referee and of the Commission and rendered judgment for Neal. This appeal is from that judgment.

We do not deal with the question of notice, except as the failure to give notice, as disclosed hereinafter, bears upon the fact vel non of a spinal injury, and, if there was such an injury, whether it resulted from the accident as claimed by Neal.

■■■ At the outset, we are confronted with two general legal propositions: i. e., that the burden was upon Neal to prove he suffered a compensable injury; and that we will not reverse the findings of fact by the attorney-referee and Commission if there is substantial evidence to support them, or, stated differently, that we will not so reverse, unless such findings are manifestly against the weight of the evidence. The cases so holding are so numerous we need not consume space and time to cite them.

■■■ There was ample evidence to justify the finding by the attorney-referee and the Commission of the following state of facts, which presumably they did do in holding the claim noncompensable.

Neal did have an accident on or about the time he claims it occurred. He said he was working under an airplane ''and when I backed out I raised up just normally and struck my head across the back on the propeller blade * * *'' He said it produced a knot on his head. He said he had a headache and the effect ''like something tightening up around my heart.'' However, he continued to work. He made no report of the accident to his employer. He testified ''but I don't see any use of reporting every little bump and scrape.''

On April 28, 1953, Neal went to Dr. Murphree, his family physician, who owned and operated a hospital at Aberdeen, Miss. Dr. Cresswell was associated with Dr. Murphree. Both doctors examined and treated Neal. Dr. Cresswell testified. Dr. Murphree did not testify but counsel stipulated that the testimony of Dr. Murphree, if given, would be, in substance, the same as that of Dr. Cresswell. Dr. Cresswell testified that he had treated Neal since 1950 for various physical troubles, such as, for instance, an injured finger; that Neal came to the hospital on April 28, 1953; that he complained of shortness of breath, dizziness, faintness and pressure about his chest. He found no organic heart trouble but

did detect, as he stated, "there was an unusual heart beat between the heart beat." X-rays showed a normal spine, and the symptoms described by Neal did not indicate a cervical disc. On May 18th, Dr. Murphree operated upon Neal for hemorrhoids. Neal returned to work. Later he went back to Dr. Cresswell. He complained of dizziness and pain in the lower abdomen. His condition was diagnosed as inflammation of the colon. Neal went back to Dr. Cresswell in November 1953. He also went to Dr. Kennedy, who found he had pylitis. He went to Dr. Cresswell again in April 1954. He complained of shortness of breath, dizziness and pressure about the chest. At this time the doctor did find a slightly enlarged heart. It was in the summer of 1954, over a year after the accident, that Neal first mentioned it to Dr. Cresswell. The doctor said the cervical disc condition indicated arthritis. He would not say he found a cervical disc injury. Dr. Cresswell finally referred Neal to Dr. McClanahan of Columbus, Miss. He examined Neal April 24, 1954. Neal gave his case history. He said that on four different occasions in the past he had suffered severe pain attacks in the region of the heart; that he had experienced irregular and rapid heart beats for several years, during which time he would be weak and faint. Dr. McClanahan made a thorough examination of his heart condition. The doctor said "the diagnosis was made that he did not have angina." The doctor did say he found some evidence of a cervical disc injury, and that a hard blow on the back of the head might cause such a trouble. However, he said the physical evidence of illness that Neal described to him had no relation to a cervical disc injury. The doctor then stated: "I asked Mr. Neal if he had injured himself and he' could recall no accident at the time he was in my office." That was over a year after the accident in question is supposed to have occurred.

On July 1, 1954, Neal went to see Dr. Donald Sweeney of Birmingham, Alabama. He then told Dr. Sweeney he had hit his head against the propeller; that he was temporarily stunned, but he kept on working. Several weeks later, Neal said, he was helping to gas a plane and slipped on the wing and injured himself. He reported as part of his case history his trips to hospitals and other doctors; also his pains in the chest, dizziness, etc. The doctor found no nerve injury. He said if there is a cervical disc injury that usually the space between the discs would be narrower than if no injury had occurred, and he found no narrowing of these spaces. Neal described his dizzy and fainting spells and the doctor said he found no connection between them and an injured disc. He testified that he found nothing seriously wrong with Neal. He said ''he seemed to be in pretty good shape.'' He was asked if a blow on the back of the head might result in an injured disc and he said ''I think that it is possible that it could.'' He then added ''I could not make a positive diagnosis of a cervical disc of this patient.''

On September 2, 1954, Neal went to Dr. T. H. Blake, an eminent orthopedic surgeon of Jackson, Mississippi. Neal gave him a case history. He told of the propeller incident. He said at various times since then he had experienced dizzy and fainting spells and headaches. These attacks came on when he was undergoing physical exertion, such as moving a piano and mowing the lawn. Dr. Blake said Neal's general appearnce was good; that at the time Neal did not appear to be undergoing pain, except a slight soreness in the back of his neck; X-rays were made of Neal's spine and other parts of his body. The doctor said some of the vertebrae had slight irregularities ''but these weren't considered unusual.'' The doctor said ''at the time of his examination he told me that he felt perfectly all right. * * * He appeared to be

all right." Dr. Blake in testifying said a cervical disc injury does not produce a headache.

Under these circumstances, the employer insisted that Neal bring to it a doctor's certificate that he did not have a serious heart ailment. This Neal did not do, and he left the service of Airways May 17, 1954. It will be noted that his consultations with Drs. McClanahan, Sweeney and Blake took place after he had severed his connection as an employee of Airways. It will be noted also that he said his injury occurred the latter part of March 1953, and he did not file his claim herein until August 11, 1954, approximately a year and five months after the injury is supposed to have occurred.

 We have not tried to detail all of the testimony, pro and con, bearing upon whether Neal, as a fact, incurred a cervical disc injury, and, if so, whether it was the result of his head-bump against the airplane propeller. But we have detailed sufficiently, we think, to demonstrate that the attorney-referee and Commission had ample testimony to find that Neal had not met the burden imposed upon him to show such facts, and that such findings are amply supported by the testimony in this case.

Reversed and judgment here for appellants.

*Hall, Kyle, Ethridge* and *Gillespie, JJ.*, concur.