COLE *v.* SUPERIOR COACH CORPORATION

No. 40899          November 3, 1958          106 So. 2d 71

*Crawley & Ford,* Kosciusko, for appellant.

*George J. Thornton,* Kosciusko, for appellee.

ETHRIDGE, J.

■ ■ Appellant, Trenton C. Cole, Jr., applied for workmen's compensation benefits resulting from an alleged back injury received by him on August 29, 1956, while employed by appellee Superior Coach Corporation. He returned to work on September 4, following the accident, having received compensation benefits for the interim period, and continued to work until October 1. He was also paid benefits from October 2-10, 1956. He contends that he is entitled to medical and temporary total disability benefits from October 10, 1956, until at least March 1, 1957; and that his claim should then be remanded to determine whether his disability has continued since the latter date. The attorney-referee, the Workmen's Compensation Commission, and the circuit court held that the evidence did not warrant an award subsequent to October 10, 1956. We think that finding and decision is supported by substantial evidence and should be affirmed.

As was stated by the attorney-referee, the medical and lay testimony was "totally irreconcilable." That of claimant and his witnesses is directly contradicted by that of witnesses for the employer. The same situation exists with reference to the medical testimony. The testimony of claimant's orthopedic doctor is entirely different from that of the two medical specialists and a general practitioner for appellee. The former said that appellant has a chronic lumbosacral sprain in the lower back and traumatic myofibrositis. The three doctors who testified for appellee contradict this diagnosis. They are unable to find any objective symptom of a back injury. In addition, some of appellee's lay testimony as to appellant's activities subsequent to his alleged injury supports the

conclusions of the doctors who testified on behalf of appellee.

■ ■ The Commission is the trier of fact. It will be affirmed when there is substantial evidence supporting its decision. The medical testimony cannot be reconciled. The Commission had the right to evaluate it, and to accept that of appellee. The medical question is not an uncomplicated one. ■ ■ The issues with reference to an alleged injury of this type are properly within the province of medical experts. In all but the simple and routine cases (and this is not in that category), it is necessary to establish medical causation by expert testimony. ■ ■ Where there is a conflict in such evidence, its evaluation and credibility, with reference to the existence, nature and etiology of an injury or disease, are issues for the Commission acting upon such medical testimony. 2 Larson, Workmen's Compensation (1952), Secs. 79.50-79.54.

Appellant urges that this case is controlled by Masonite Corporation v. Fields, 91 So. 2d 282 (Miss. 1956). There the testimony of claimant's doctor, on an application for additional temporary total disability benefits, was uncontradicted by the medical testimony for the employer, which was confined to a period prior to that covered by claimant's doctor. The employer "made no effort to have its physicians re-examine appellee to determine whether they agreed" with appellee's medical testimony. That did not occur here. Superior obtained an orthopedic examination of appellant on March 1 and April 23, 1957. On his own motion, the attorney-referee had appellant re-examined by another doctor on May 28, 1957. Appellant's doctor treated him through April 24, 1957, and his testimony cannot be reconciled with that of the other three doctors introduced by appellee. The Commission accepted appellee's medical evidence, and there was a substantial basis for doing so.

Affirmed.

*McGehee, C. J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.