CUDAHY PACKING COMPANY et al. *v.* WARD

No. 41884          June 12, 1961          130 So. 2d 858

*Daniel, Coker & Horton,* Jackson, for appellants.

596

*Roy N. Lee,* Forest, for appellee.

ARRINGTON, J.

Cudahy Packing Company and its insurance carrier appeal from the judgment of the Circuit Court of Scott County reversing the decision of the Workmen's Compensation Commission and reinstating the order of the attorney referee.

It was stipulated that Mrs. Myrtle Ward, claimant and appellee, while working for the Cudahy Packing Company, sustained an injury to her right hand in June 1957, as the result of dropping some boxes on her hand. The attorney referee found that the appellee had sustained permanent partial disability of thirty-three and one-third per cent loss of use of her right hand.

The Workmen's Compensation Commission reversed the finding of the attorney referee and awarded the appellee compensation for a seventy-five per cent loss of the use of the third and fourth fingers.

The circuit court reversed the decision of the Commission and reinstated the award of the attorney referee holding in effect that the Commission was in error and that the finding of the attorney referee was abundantly supported by the record.

The sole question before us is whether the Commission's award of seventy-five per cent loss of the use of the third and fourth fingers was based on substantial

evidence. The testimony of the appellee was that at the time of her injury in June 1957, she reported her injury to the superintendent of the plant but did not see a doctor at that time. Later she developed pain in her hand and she went to see Dr. Townsend on August 7, 1957. He removed a ganglion or tumor from the palm of appellee's right hand. Following this operation she had considerable pain in the area of the scar and on December 2, 1957, she had a second operation in which the scar was removed and the wound resutured. Following this there was a chronic drainage from the wound and this was excised on December 18, 1957. Dr. Townsend testified that she had pain in the hand radiating into the forearm and arm and that she had flexion contracture of the third and fourth fingers. Also there was an impairment of the sensation in the third and fourth fingers. His testimony was that she could not extend the third and fourth fingers and that she had sustained at least a seventy-five per cent loss of use of the third and fourth fingers.

Dr. Neil examined the appellee on July 21, 1958, and testified that he didn't see any disability from a neurosurgical and neurological standpoint. Dr. Neil stated that he also examined her at a subsequent date on August 25, 1959, and that as a result of disuse she had suffered a disability of ten per cent to the hand.

The appellee testified that she could not use her hand; that she suffers pain in her hand, arm and shoulder, and that on account of her injury she has become virtually left-handed.

The appellee argues that she sustained an injury to her hand and that the loss of use of her third and fourth fingers was due to the injury to her hand. However, it is to be noted that her own doctor, who was introduced by appellee, testified that she sustained a seventy-five per cent loss to the third and fourth fingers. Dr. Neil

testified that she suffered only a ten per cent disability to her hand.

We are of the opinion that the Commission's award of seventy-five per cent loss of the use of the third and fourth fingers is supported by substantial evidence, this award being more than the ten per cent disability as testified to by Dr. Neil.

██ ██ We have held in innumerable cases that the Commission is the trier of the facts and its findings will be affirmed when supported by substantial evidence.

The reversal of the Commission's award by the circuit court was error. It follows that the judgment is reversed and the award of the Commission is reinstated and the cause remanded to the Commission.

Reversed and award of the Commission reinstated, and remanded.

*McGehee, C. J.,* and *Kyle, Ethridge,* and *Gillespie, JJ.,* concur.