JOHNSON *v.* PEARL RIVER SAND AND GRAVEL CO., et. al.

No. 42007          November 13, 1961          134 So. 2d 434

*Henry E. Pope,* Columbia, for appellant.

*Daniel, Coker & Horton,* Jackson, for appellee.

McGehee, C. J.

This is an appeal from the judgment of the Circuit Court of Marion County which affirmed a decision of the Workmen's Compensation Commission.

It was stipulated by and between the parties that the claimant, C. L. Johnson, sustained an accidental injury on June 26, 1956, and that the injury arose out of and in the course of his employment with the Pearl River Sand and Gravel Company; that at the time of the accident he was earning an average weekly wage of $50; and compensation for temporary total disability and then for permanent partial disability was paid to him by the employer or its insurance carrier, The Travelers Insurance Company, first for a period of 92 weeks and later for a period of 66 additional weeks, or the total sum of $3,953.57.

 There is no contention involved on this appeal as to the payment of benefits of $25 per week, but the sole issue on this appeal is whether or not the rating of the extent of his disability by Dr. Thomas H. Blake, an orthopedic surgeon of Jackson, Mississippi, in the amount of 33-1/3 per cent for the loss of the use of his

arm, was supported by substantial evidence before the Commission. The injury was sustained while the claimant was clearing the gravel out of a dump truck and another dump truck backed against him so as to injure his right arm. Doctor Blake testified at length as to the extent of his injury, and his was the only medical testimony offered in the case. He rated the disability for the loss of the use of the claimant's entire arm at from 25 per cent to 33-1/3 per cent and the Commission allowed the maximum amount at which the disability was rated. The attorney referee had allowed 50 per cent. The issue is not as to whether the attorney referee's finding was supported by substantial evidence but the test is as to whether or not the finding of the Workmen's Compensation Commission in allowing for the per centage of disability as rated by Doctor Blake is supported by substantial evidence.

██ ██ Doctor Blake discharged the claimant on April 3, 1958, but on another examination made on November 23, 1959, the doctor testified that he found the function of the hand and wrist appeared to be satisfactory except that there was no rotation in the forearm. The injury seemed to be mainly to one finger and according to the testimony of Doctor Blake the maximum disability for the loss of the use of his entire arm amounted to only from 25 per cent to 33-1/3 per cent.

Under the cases of Cole v. Superior Coach Corp., 234 Miss. 287, 106 So. 2d 71; Rathborne, Hair and Ridgeway Box Co. v. Green, 237 Miss. 588, 115 So. 2d 674; Williams Brothers Co. v. McIntosh, 226 Miss. 553, 84 So. 2d 692; Dowdle and Pearson, Inc. v. Hargrove, 222 Miss. 64, 75 So. 2d 277; American Surety Co. v. Cooper, 222 Miss. 429, 76 So. 2d 254; Barry v. Sanders Co., et al., 211 Miss. 656, 52 So. 2d 493; Dillon v. Gasoline Plant Construction Corp., 222 Miss. 10, 75 So. 2d 80; California Eastern Airways v. Neal, 228 Miss. 370, 87 So. 2d 895; Estate of Oatis v. Williamson and Williamson Lumber

Co. and T. H. Mastin and Co., 92 So. 2d 557, 230 Miss. 270; United Funeral Homes, Inc., d/b/a Memory Chapel Funeral Home, et al v. Alfred Culliver, 128 So. 2d 579; Jackson Oil Products Co. v. Curtis, 129 So. 2d 403; I. B. S. Manufacturing Co. v. Cook, 130 So. 2d 557; and Cudahy Packing Co. v. Ward, 130 So. 2d 858, the decision of the Workmen's Compensation Commission is supported by substantial evidence in the medical testimony of Doctor Blake and the judgment appealed from should, therefore, be affirmed.

If the Commission had decided the issue in favor of the testimony of the claimant instead of in favor of the testimony of Doctor Blake, we would still affirm the judgment of the Commission as the trier of the facts. Some of the cases cited by counsel for the claimant tend to support his contention on the appeal, but in most of those cases the decision by the Commission was in favor of the claimant, instead of against him as in the instant case.

Affirmed.

*Kyle, Ethridge, Gillespie,* and *Jones, JJ.,* concur.