Ed Bush Sandwich Shop, et al. *v.* Strauss

No. 42253          March 19, 1962          138 So. 2d 741

*Daniel, Coker & Horton,* Jackson, for appellants.

508

*Edwin P. Connolly, Pershing B. Sullivan,* Laurel, for appellee.

McELROY, J.

This is an appeal from the Circuit Court of the Second Judicial District of Jones County, Mississippi, reversing the order of the Workmen's Compensation Commission and reinstating the findings of the attorney-referee.

The Workmen's Compensation Commission was of the unanimous opinion that the claimant did sustain an injury in an accident arising out of and in the course of her employment, and awarded compensation and medical benefits at the rate of $25 per week from September 14, 1958, through November 23, 1958, for temporary total disability; but the majority of the Commission were of the opinion that the claimant did not meet the burden of proof in showing that she now suffers any permanent disability. The Commission based its opinion on the testimony of Dr. Bass, who had treated the patient at the time of the injury and examined her on July 1, 1960, at the time of the hearing. His findings were that the claimant did have some slight back pain, that she was able to get in and out of a chair quite well, and move her back with no paravertebral muscle spasm; there was no area of localized tenderness; that the claimant had some predisposing condition and if she were suffering any disability at the time it was from a congenital defect rather than the result of any accident. She was discharged by Dr. Bass without any permanent disability.

We believe the Commission's findings were supported by substantial evidence. The fact that the Commission might have found a different result supported by substantial evidence does not make the Commission's finding an error. This question has come before the Court on many occasions. The recent case, decided November 13, 1961, C. L. Johnson v. Pearl River Sand & Gravel Co., et al, 242 Miss. 349, 134 So. 2d 434,

held: "The issue is not as to whether the attorney-referee's finding was supported by substantial evidence but the test is as to whether or not the finding of the Workmen's Compensation Commission in allowing for the percentage of disability as rated by Doctor Blake is supported by substantial evidence." Many cases were cited substantiating this rule.

In the case of United Funeral Homes, Inc. v. Culliver, 240 Miss. 878, 128 So. 2d 579, it was held: "The dissenting member of the Workmen's Compensation Commission made the observation that in his opinion the decision of the attorney-referee was supported by substantial evidence and that the same should therefore be affirmed. But we think that the test is whether or not the decision of the commission is supported by substantial evidence, and that if so the decision of the commission should be upheld, instead of the decision of the attorney-referee, even though the latter's decision may also be supported by substantial evidence. * * *.

"It may be true as stated by the dissenting member of the Workmen's Compensation Commission that the attorney-referee was supported by substantial evidence. The circuit judge was also of that opinion. But we think that the decision of the full commission to the contrary was also supported by substantial evidence and that the same should have been affirmed."

██ The learned Circuit Judge was in error in over-ruling the Commission's opinion and reinstating the attorney-referee's finding. Therefore, the case is reversed and remanded and the order of the Commission reinstated.

Reversed and remanded.

*McGehee, C. J.,* and *Kyle, Gillespie,* and *Jones, JJ.,* concur.