BABCOCK & WILCOX Co., et al. *v.* ROBY

No. 42554          February 18, 1963          150 So. 2d 129

*Daniel, Coker & Horton,* Jackson, for appellants.

*Josh Morse,* University; *Lester Williamson,* Meridian, for appellee.

McGehee, C. J.

This is an appeal from the Circuit Court of Clay County, Mississippi, which on July 26, 1962, entered a judgment reversing the order of the majority of the Workmen's Compensation Commission of June 22, 1961, and reinstated the award theretofore made by the attorney-referee for permanent total disability of the claimant King David Roby. The claimant had worked for the appellant Babcock and Wilcox Company for

nearly eight years before becoming totally and perm-
anently disabled.

In the spring of 1957 he had then been working for
the said employer for about three and a half years in
the "blasting" department where steel was blasted by
machinery; the operation was conducted within a closed
room and it caused steel dust and small particles to get
into the lungs of the claimant and he was sent by his
employer to see Dr. S. Gwin Robbins at Memphis, Tenn-
essee. Dr. Robbins recommended to the employer that
the claimant be taken off of the blasting job, except for
emergencies, since Dr. Robbins, as shown by his written
report to the employer, was of the opinion that "with-
drawal of the patient from heavy concentration of this
material should adequately relieve his symptoms, that
he was suffering from allergic bronchitis, as a result of
inhalation of iron dust." The claimant was then trans-
ferred to what is referred to in the record as a "buffing
operation with a wire brush", located 450 feet from
the place where he had theretofore been working.

The claimant testified that while he was working at
the buffing operation in September 1959, "about fifteen
minutes before quitting time, he had a hurting in his
left side, with his shoulders hurting, and that he couldn't
see." He was next seen by Dr. Flowers and then by
Dr. McCharen, who advised him to quit work. The last
day that he worked for this employer was on September
28, 1959. Claimant says in substance that on that day
he started upstairs in the plant, and that his arm and
shoulder started hurting and that he then blacked out.
At that time he had been away from the steel blasting
machinery room for more than two years. The record
discloses that the claimant had been treated by a Dr.
Braddock of West Point, Mississippi, for high blood
pressure beginning in 1955 and continuing until he quit
work in September 1959.

Dr. Robbins and Dr. McClanahan, who filed written reports in the record by agreement of the parties, stated that in their opinion there was no relation between claimant's illness and his employment. Dr. McClanahan's report was filed on May 11, 1961. All these doctors seem to be in agreement that the employee was permanently and totally disabled, but all were of the opinion that his disability was not work connected. In Dr. McClanahan's report he states: ''There is no doubt whatsoever in my mind that this man is totally and permanently disabled by reason of hypertensive cardiovascular disease with angina pectoris. * * * By his own statement to me, following his episode of cough and fever he worked for a period of two years before becoming disabled. By his own description of the work involved, it was essentially light work with no heavy manual labor involved.''

Another hearing before the attorney-referee was held on December 13, 1960, in Meridian, Mississippi, at which time Dr. Alanson Brown Smith, a specialist in internal medicine, who examined the claimant on that date only, testified that he found from his examination indications of a combined heart strain with the *possibility* of a drug effect, an enlarged heart, and increased interstitial fibrosis, which would make it more difficult for him to breathe.

The claimant contends on this appeal that the testimony of Dr. Smith to the effect that he found interstitial fibrosis is wholly uncontradicted, but we find from the report of Dr. McClanahan, which was made a part of the record by agreement of the parties, that he did not find the interstitial fibrosis testified about by Dr. Smith.

Dr. Smith further testified that in his opinion the dust and steel fragments, without respiratory protection would have a bearing on the present status of his lungs, but Dr. Smith was of the further opinion that the con-

dition of the claimant was not causally connected with the work, but said that if it be assumed that the claimant did suffer a heart attack on September 28, 1959, the same would, in his opinion, have been causally related to the work he was doing at the time. But it is not shown by the record that Dr. Smith had any knowledge of what the claimant was doing at the time he had the episode on September 28, 1959. This is shown by the following excerpt from the doctor's testimony, on cross-examination: "Q. And it was your understanding that when he had this so-called heart attack in September of 1959 he was working in this enclosed room and inhaling these dust particles and steel particles at that time? A. Yes, sir."

In other words, when Dr. Smith examined the claimant on December 13, 1960, he had not worked in the steel blasting room since 1957.

The Workmen's Compensation Commission was warranted in believing that the claimant was never retransferred to the steel blasting room at any time after he was moved to the buffing job about 450 feet away in 1957, upon the recommendation of Dr. Robbins.

In other words, it seems from the record that Drs. Robbins and McClanahan were of the opinion that there was no relation between the claimant's illness and his employment, whereas Dr. Smith thought otherwise, but he was under the impression that when the claimant had his episode on September 28, 1959, he was "still working in this enclosed room and inhaling these dust and steel particles at that time," when the truth was that he had been away from this job more than two years at the time he was examined by Dr. Smith.

(Hn 1) We are therefore of the opinion that the decision of the Workmen's Compensation Commission in reversing the decision of the attorney-referee was supported by substantial evidence, even though there might be room for disagreement on that issue. The Commission

166

had the right to evaluate the conflicting medical testimony, if there was in fact a conflict therein, and the judgment of the Circuit Court which reversed the finding of the Commission — the trier of facts — should be reversed and the decision of the Workmen's Compensation Commission reinstated, as being supported by substantial evidence. Cole v. Superior Coach Corp., 234, Miss. 287, 106 So. 2d 71; 2 Larson, Workmen's Compensation, Secs. 79.50-79.54; United Funeral Homes, Inc. v. Culliver, 240 Miss. 878, 128 So. 2d 579; Cudahy Packing Co. v. Ward, 241 Miss. 595, 130 So. 2d 858; Rivers Construction Co. v. Dubose, 241 Miss. 527, 130 So. 2d 865; Johnson v. Pearl River Sand & Gravel Co., 242 Miss. 349, 134 So. 2d 434; Ed Bush Sandwich Shop v. Strauss, 243 Miss. 507, 138 So. 2d 741; Itawamba Manufacturing Co. v. Dependents of George Christian, (Miss.), 145 So. 2d 161.

Reversed and judgment of Workmen's Compensation Commission reinstated.

*Kyle, Gillespie, McElroy and Jones, JJ.*, concur.