CONTRACT TRUCKING COMPANY, et al. *v.* MAY

No. 43816          February 28, 1966          183 So. 2d 488

*Satterfield, Shell, Williams & Buford, Kenneth G. Perry,* Jackson, for appellants.

*Walker & Sullivan,* Mendenhall, for appellee.

Robertson, J.

On April 22, 1963, Hulon May, age 38, was injured when he fell from a ladder while unloading chicken feed into a purchaser's bin in Simpson County, Mississippi. He sought medical aid for the first time on May 10, 1963, eighteen days after his fall, when he consulted Dr. J. O. Stephens of Magee, Mississippi, his family physician.

He was hospitalized from May 10, 1963, to May 13, 1963, and treated for a low back sprain. He was referred by Dr. Stephens, a general practitioner, to Dr. T. S. Eddleman, an orthopaedic surgeon, of Jackson, Mississippi, but Dr. Stephens continued to follow up generally on his court of treatment and talked from time to time with Dr. Eddleman about May's condition.

Dr. Stephens discharged him for work on November 5, 1963, and Dr. Eddleman released him for full employ-

ment on December 2, 1963. May did not return to his regular employment because he developed a condition in his colon known as ulcerative colitis. He was referred by Dr. Stephens to Dr. Jack King and Dr. J. Manning Hudson of Jackson, Mississippi, and was treated for this condition at the Mississippi Baptist Hospital for eleven days beginning January 13, 1964.

The first and only hearing was conducted on August 17, 1964, before the Attorney-Referee for the Workmen's Compensation Commission. Hulon May, his wife, and Dr. J. O. Stephens were the only witnesses offered by the claimant.

The Attorney-Referee found that Hulon May had sustained a low back injury, that he reached maximum recovery on December 2, 1963, and ordered compensation to be paid accordingly.

The Attorney-Referee further found that the proof was insufficient to show any causal connection between the injury sustained on April 22, 1963, and the ulcerative colitis condition from which Hulon May now suffers.

The claimant appealed to the full Commission, and after hearing oral argument for both the claimant and defendants, and after carefully examining the record in this cause, the Commission unanimously affirmed the order of the Attorney-Referee.

The claimant then appealed to the Circuit Court of Simpson County, where the court, on May 14, 1965, without making any findings of fact or giving any reason therefor, reversed the order of the Commission and awarded permanent total disability benefits to May. The employer and carrier have appealed to this Court.

Hulon May testified that he fell about seven feet to the ground when the ladder on which he was standing broke. He landed on his feet and knees, and one part of the ladder hit him in the lower back and the other part in the upper back. After recovering from a resultant weak and dizzy spell, he unloaded the feed, drove back to

the mill and, according to his testimony, went to the bathroom at the mill and passed blood from his bowels and kidneys. Although he testified that he continued to pass some blood from his colon, he did not consult a doctor until eighteen days after the fall.

Dr. Stephens testified that May's primary complaint was with his back, and that his records do not reflect that May told him that he passed any blood immediately after his fall. Dr. Stephens further testified that the cause of ulcerative colitis is not known by the medical profession.

In response to a question as to whether the accident could have caused sufficient trauma to have produced an injury to the colon, either directly or indirectly, Dr. Stephens responded:

"My personal feeling is there was not enough direct injury to cause any direct trauma resulting in ulcerative colitis to the bowel, but since we don't know what causes ulcerative colitis the question is whether it caused it indirectly — is, I believe, what we're here to decide and I'm not able to answer that because I don't know."

This Court has held many times that the Commission is the trier of fact and where there is substantial evidence to support its decision, this Court will not disturb the findings and order of the Commission. Bates v. The Merchants Company and New Amsterdam Casualty Company, 249 Miss. 174, 161 So. 2d 652 (1964).

The same ruling would apply to the Circuit Court which acts also in a purely appellate capacity in Workmen's Compensation cases. California Eastern Airways, Inc., et al. v. Neal, 228 Miss. 370, 87 So. 2d 895 (1956).

The sole and only question then before this Court, as it should have been before the Circuit Court, is whether or not the decision and order of the Commission is supported by substantial evidence.

We find that the unanimous decision and order of the Commission is not only supported by substantial evidence, but by a clear preponderance of the credible evidence and, therefore, that the judgment of the Circuit Court should be reversed and the decision and order of the Workmen's Compensation Commission reinstated.

Reversed and order of Commission reinstated.

*Ethridge, C. J., Rodgers, Jones and Inzer, JJ.,* concur.