LEE, Justice,
for the Court:
Willard Dempsey appeals from a judgment of the Hinds County Circuit Court affirming an order of the Mississippi Workmen’s Compensation Commission (which affirmed the attorney-referee), denying workmen’s compensation benefits. The sole question involved is whether or not the Commission’s order was supported by substantial evidence.
Dempsey contends that on July 21, 1970, while in the scope of his employment, he inhaled ammonia fumes which required him to be hospitalized on said date, and that inhalation of the fumes was a contributing cause to an onset of Klebsiella pneumonia. He further claims that after his discharge from the hospital, he attempted to resume work and on September 2, 1970, injured his back while lifting a heavy pump.
Appellant filed a motion to controvert on October 6, 1970, alleging permanent and total disability resulting from the contraction of pneumonia. No notice was given to the employer-carrier prior to that date. The first hearing was held March 11, 1971, and neither the claimant nor anyone else testified about the alleged back injury of September 2, 1970. On January 20, 1972, claimant amended the motion to controvert and stated that he injured his back while lifting a pump on September 2, 1970. At the second hearing on March 22, 1975, he testified to facts relating to that injury.
Dr. Willard J. Patterson was the admitting doctor on July 22,1970. He submitted a narrative statement diagnosing claimant’s illness as Klebsiella pneumonia and gave a history that claimant told him he was doing fine until three or four days prior to admission, when he began to have a cough and difficulty with his breathing after working on some ice machines and inhaling some ammonia fumes. Dr. Patterson did not testify, and he did not give a causal connection between the illness and the inhalation of ammonia fumes. He requested Dr. Karl Stauss, a thoracic surgeon, to see claimant in consultation with him.
Dr. Stauss was the only physician to testify at the hearings. He confirmed claimant’s illness as Klebsiella pneumonia. Based on a question propounded by claimant’s attorney, “ . . . [D]o you have an opinion as to whether or not the inhalation and the environment in which he was working either caused his condition, contributed to it, or aggravated the condition he may have already had?” Dr. Stauss answered that he did not know the proximity of the patient to the ammonia, the pressure under which the gas escaped, the sort of enclosure involved, how well ventilated the enclosure may have been, or the length of time claimant was exposed to the gas. He stated that certain of these conditions, if combined, could have rendered a situation that would have been more favorable for claimant’s attack of Klebsiella pneumonia. On cross-examination, the following question was asked and answer given:
Q. Doctor, when you saw this gentleman in January of ’71 you said he was complaining of some shortness of breath, some cough and some chest soreness. In your opinion was this disabling so far as work activities were concerned?
A. It didn’t appear to be, and I would say that this man — one of the things that this gentleman then asked me was one of the things that you two gentlemen have been asking me, and I told him what I told you, unless [in less] explicit terms that I did not know whether there was any causal relationship between this ammonia inhalation and his subsequent illness, and I’m still very honestly not certain about that now, and once again I reiterated that I was very pleased *331 that he had overcome his serious illness as well as he had, and I told him he ought to thank his God that he was in as good a shape as I appeared to find him at that time.”
Dr. Willard H. Boggan, an internist, wrote a letter to appellee’s attorney stating that he had reviewed forms filled out by Dr. Patterson and the consult from Dr. Stauss, and that he agreed the diagnosis of Klebsiella pneumonia was well documented. It was his opinion that claimant’s environmental working conditions, though not ideal, probably were not factors in his condition. Dr. Stauss and Dr. Boggan were not advised of any back injury and they failed to discover such a problem when they examined appellant.
Dr. P. B. Simpson submitted a narrative report dated September 17, 1971, wherein he stated that Dempsey told him he had started having back pain after picking up a heavy object on the job, but the doctor further stated that “it is questionable whether the patient relates to picking up the heavy object or whether he relates it only to the coughing episode when he was in the hospital with the pneumonia.”
Dr. Robert Smith submitted a narrative report dated March 13, 1974, which contained the following comment: “It is perhaps significant that a report by his physician dated October 30, 1974, discusses a questionable thrombophlebitis, but makes no mention of a back or leg injury. Again in September of 1970, examination and treatment made no mention of a back or leg problem.”
Dr. O. J. Andy, neurosurgeon, submitted a report dated July 3,1972, after examining claimant. He stated that claimant relates his present illness (back problem) to a pain which he experienced in his back at the time he was lifting a lid off a pump two years before, while working for State Poultry Company. It was Dr. Andy’s opinion that claimant was suffering from a ruptured fifth lumbar intervertebral disc, predominantly left side. He submitted other narrative statements dated September 25, 1972, and July 1, 1974. In none of those reports does Dr. Andy give an opinion that the back condition was causally related to the alleged injury of September 2, 1970.
As was stated in Tiller v. Southern U.S.F., Inc., 246 So.2d 530 (Miss.1971), the substantial evidence rule to support the finding of an order of the Workmen’s Compensation Commission does not mean a small part of the total evidence nor does the rule prevent the appellate court from examining the whole evidence to the end that the act may be applied in a just and reasonable manner. From a careful review of the entire record, we conclude that the order of the Workmen’s Compensation Commission is supported by substantial evidence and that the judgment of the lower court must be affirmed. See Holloway v. Prassell Enterprises, Inc., 348 So.2d 771 (Miss.1977); Gray v. Poloron Products of Mississippi, 347 So.2d 363 (Miss.1977); and Cole v. Superior Coach Corporation, 234 Miss. 287, 106 So.2d 71 (1958).
AFFIRMED.
PATTERSON, C. J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and BOWLING, JJ., concur.