McMILLIN, C.J.,
dissenting:
¶ 16. I respectfully dissent. In my view, the majority has failed to come to grips with two issues. First, the evidence is entirely inconsistent with the claimant’s own theory of how her disability arose. Secondly, no matter what theory of com-pensability is employed, there is a complete lack of expert opinion testimony connecting Hobson’s medical condition to an occurrence or series of occurrences at work. In my view, either is fatal to Hob-son’s claim.
¶ 17. It is a fundamental concept of workers compensation law that the claimant has the burden of proving the causal connection between the claimant’s employment and the resulting disabling condition. Hedge v. Leggett & Platt, Inc., 641 So.2d 9, 12-13 (Miss.1994); Olen Burrage Trucking Co. v. Chandler, 475 So.2d 437, 439 (Miss.1985). Hobson’s theory of compens-ability, as set out in her petition to controvert, was that her left wrist was injured when she struck it against a machine at work. That claim was not substantiated by the proof. Her first post-incident visit to a medical provider occurred almost three months after the alleged injury and she presented herself to Dr. Wayne T. Lamar complaining of numbness and tingling in both hands. Dr. Lamar diagnosed her condition as carpal tunnel syndrome in both wrists. Complaints of that nature are inconsistent with a claim of a traumatic injury to one extremity. There is no suggestion in the record that carpal tunnel syndrome can be caused by a single traumatic incident' to the affected extremity, much less both wrists. Thus, on Hobson’s own theory of her claim, the proof of job-related causation is lacking.
¶ 18. Even if we assume that Hobson could advance one theory of injury causation yet recover if she happened to stumble onto some yet-unadvanced alternate theory of compensability during the course of her proof — in this case, carpal tunnel syndrome caused by repetitive motion— Hobson’s claim still fails. There is no competent medical evidence that Hobson’s left wrist injury was a non-traumatic repetitive-motion injury caused by her duties at her work.
¶ 19. The majority finds the necessary connection by giving combined effect to two things. First, it notes Hobson’s testimony describing the repetitive nature of her duties at Calhoun Apparel. The majority then takes note of a five year old medical report (from a doctor different from her treating physician on the Calhoun Apparel injury) indicating that Hob-son had developed carpal tunnel syndrome while performing similar duties at an earlier job. From those two disconnected threads of evidence, the majority concludes that Hobson demonstrated that her injuries were job-related. I find that proof insufficient to establish the necessary connection between Hobson’s present employment and her medical condition.
*542 ¶ 20. The Mississippi Supreme Court has said that “[i]n all but the simple and routine cases ... it is necessary to establish medical causation by expert testimony.” Cole v. Superior Coach Corp., 234 Miss. 287, 291, 106 So.2d 71, 72 (1958). I fear that the majority has substituted its own understanding of the nature and causation of repetitive-motion injuries (an understanding that may or may not have some measure of accuracy but is simply not competent evidence) for the necessary proof that can only be supplied by a qualified expert, ie., a physician skilled in such areas of medicine and knowledgeable of the particulars of the claimant’s condition.
¶ 21. In Olen Burrage Trucking Co. v. Chandler, the supreme court said that its commitment to a liberal construction of this State’s compensation laws nevertheless did “not allow [the court] to bridge gaps in the failure of the medical testimony or to find causal connections to the employment where none exists.” 475 So.2d at 439. While anyone reviewing the record in this case might fervently wish that someone had sought Dr. Lamar’s opinion as to a connection between Hob-son’s medical condition and the nature of her work-related duties, and while Dr. Lamar’s answer to that unasked question might seem so self-evident as to be a foregone conclusion, the fact remains that the inquiry was not made. That failure in the proof creates the fatal gap that the majority, improperly in my view, bridges without any supporting evidence.
¶ 22. I would reverse and render judgment in favor of the employer because of Hobson’s evident failure to meet her burden of showing the necessary connection between her work and her injury.
SOUTHWICK, P.J., MOORE AND THOMAS, JJ., JOIN THIS SEPARATE WRITTEN OPINION.