# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 9, 2012

No. 11-60406

Lyle W. Cayce
Clerk

DUVALL SAVAGE,

Plaintiff - Appellant

v.

PILOT TRAVEL CENTERS, L.L.C.; JOHN DOES 1–10,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:10-CV-208

Before JOLLY, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

In this diversity action for which Mississippi law applies, Duvall Savage challenges an adverse summary judgment in his premises-liability action against Pilot Travel Centers, L.L.C., and numerous "John Does". Savage contends the district court erred in ruling that: the doctrine of *res ipsa loquitur* was inapplicable; and expert testimony was necessary to establish causation for his injuries. AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60406

I.

The Pilot Travel Center in Jackson, Mississippi, is an 18-wheeler truck stop equipped with bathrooms, showers, and an area to park the trucks. On 18 February 2009, Savage entered the restroom of the Pilot Travel Center, wearing, *inter alia*, pajama bottoms and boxer shorts. Savage was not aware that a Pilot employee had recently cleaned the floors, walls, and toilets of the bathroom using bleach. Savage dropped his pajama bottoms and boxer shorts to the floor while sitting on the toilet. After a few minutes, Savage noticed his clothes becoming discolored. He immediately pulled up his pajama bottoms and boxer shorts and notified a manager.

The manager offered him a shower, a new set of pajamas, and a jar of Vaseline, as Savage had begun to experience what became a painful stinging sensation hours later, as described below. Savage accepted; he took a shower, applied the entire jar of Vaseline to his groin, and put on the new pajama bottoms, as well as boxer shorts he had retrieved from his truck.

Hours after leaving the Pilot station on 18 February, Savage first began to experience a painful stinging sensation around his genitals. On 20 February, he noticed "pinkish, gooey, bloodyish" lesions on his genitals; and, the next day, he entered the Providence Medical Center's emergency room in Kansas City, Kansas, seeking medical assistance.

There, Savage informed personnel he had a "chemical burn" from bleach exposure. He was subsequently diagnosed with chemical burns by a nurse practitioner. While at Providence Medical Center, Savage was also tested for two sexually-transmitted diseases (STDs), gonorrhea and chlamydia; the results were negative.

A week later in California, he was examined by Dr. Lopez, who also diagnosed chemical burns. Dr. Lopez referred Savage to a dermatologist.

No. 11-60406

On 4 March 2009, Savage was examined by Dr. Sison, a dermatologist. In his examination note, Dr. Sison stated the cause of the lesions was "unclear" and described them as "very unusual" and "difficult to understand". When deposed approximately two years later, in January 2011, Dr. Sison testified that Savage presented "an unusual case", recalling that the lesions "didn't look like a burn". When asked if the lesions were caused by exposure to bleach, Dr. Sison expressed "a heavy amount of doubt", stating: he would first have to rule out STDs as the cause; and he could not say, "to a reasonable degree of medical probability", that bleach exposure caused the injuries.

Savage filed this diversity action in state court, claiming Pilot was negligent because, *inter alia*, it failed to: maintain its premises in a reasonably safe condition; warn Savage of the dangerous condition of bleach in the restrooms; prevent the incident; and abide by OSHA regulations. Pilot removed this action to federal court.

In district court, Savage twice moved to extend the expert-designation deadline. Then, he designated only one expert–a psychiatrist who would testify to Savage's mental injuries. Subsequently, that expert refused to testify, leading Savage to obtain a third extension of the expert-designation deadline. But, Savage never designated an expert.

Pilot, on the other hand, designated Dr. Sison and one other dermatologist as experts. Both were expected to testify that an STD was a possible cause of Savage's lesions and, therefore, they could not say to a reasonable degree of medical probability that bleach caused his injuries.

After discovery, Pilot moved for summary judgment on the basis that Savage was required, but had failed, to provide expert testimony that the lesions were caused by bleach exposure. In opposition, Savage contended: the doctrine of *res ipsa loquitur* applied; and, in the alternative, expert testimony was not required. Summary judgment was granted in May 2011. *Duvall Savage v. Pilot*

3

No. 11-60406

*Travel Ctrs., L.L.C.*, No. 3:10-CV-208 (S.D. Miss. 19 May 2011) (Memorandum Opinion and Order).

## II.

For this diversity action, Mississippi law controls. *See, e.g.*, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938). Savage contends, as he did in district court, that:  *res ipsa loquitur* should apply; and, in the alternative, he is not required to provide expert testimony on causation.

A summary judgment is reviewed *de novo. E.g., Cates v. Dillard Dep't Stores, Inc.*, 624 F.3d 695, 696 (5th Cir. 2010).  It is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". Fed. R. Civ. P. 56(a). A "genuine dispute" over a "material fact"  exists where the evidence would allow a "reasonable jury [to] return a verdict for the nonmov[ant]".  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant may not meet its burden of establishing a genuine dispute by relying on "conclusional allegations and unsubstantiated assertions". *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011). For ruling on a summary-judgment motion, the court "view[s] the evidence and draw[s] reasonable inferences in the light most favorable to the non-movant". *Id.*

Although Savage first relies on the doctrine of *res ipsa loquitur*, the expert-witness issue is addressed first. As reflected below, this reverse order is utilized because expert testimony *vel non* bears directly on the elements of *res ipsa loquitur*, such as whether the causation basis is within the common knowledge of laymen.

## A.

Under Mississippi law, actions involving "medically complicated" injuries require expert testimony on causation. *Berry v. Southwest Airlines Co.*, No. 3:07-CV-305, 2008 WL 3874368, at *2 (S.D. Miss. 15 Aug. 2008); *see also Cole v.*

No. 11-60406

*Superior Coach Corp.*, 106 So. 2d 71, 72 (Miss. 1958) (expert testimony required "[i]n all but . . . simple and routine cases"). Because, according to Savage, the evidence reflects that his injuries developed only a few days after the bleach exposure and were initially diagnosed as chemical burns, he contends no more evidence–particularly expert testimony–is needed to prove causation. Instead, he maintains the chain of events speaks for itself.

In support, Savage cites *Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875 (5th Cir. 2004), in which our court held expert testimony was unnecessary to prove causation of a neck injury experienced immediately after an automobile accident. *Id.* at 885-86. Savage also cites *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729 (Tex. 1984), to suggest that causation in chemical-exposure actions, like automobile-accident actions, can be established by lay testimony. *Id.* at 733. Savage's contentions are unavailing.

*Morgan* is inapposite because, *inter alia*, it applies Texas law to very different facts from those at hand. There, no expert testimony was offered to contradict lay testimony on causation. *Id.* Injuries being caused by automobile accidents, such as those at issue in *Hamburger*, "may be understood with only common sense", therefore expert testimony is unnecessary for causation. *Berry*, 2008 WL 3874368, at *2; *Ellis v. Packnett*, No. 5:06-CV-33, 2007 WL 2900451, at *1 (S.D. Miss. 28 Sept. 2007) (for purposes of establishing *causation,* knee and neck injuries are not medically complicated). On the other hand, common sense, on its own, cannot rule out an STD as the cause of skin lesions; medical expertise is required.

Dr. Sison, a certified dermatologist *who treated Savage*, was unable to state to a reasonable degree of medical probability whether Savage's injuries were chemical burns, much less whether bleach exposure caused them. Instead, Dr. Sison stated an STD was a possible cause and described Savage's injuries as "very unusual" and "difficult to understand".

5

No. 11-60406

In the light of, *inter alia*, Dr. Sison's testimony and the general complexity of diagnosing skin lesions, Savage's injuries are "medically complicated"; and, accordingly, he was required to provide expert testimony opining they were caused by bleach exposure. Savage failed to do so.

## B.

For the doctrine of *res ipsa loquitur* to apply, Savage must prove: (1) the causation basis is within the common knowledge of laymen; (2) the instrumentality causing the damage (here, allegedly bleach) was under the exclusive control of Pilot; (3) the occurrence, in the ordinary course of things, would not have happened if Pilot had used proper care; and (4) the occurrence was not due to any voluntary act on the part of Savage. *E.g.*, *Brown v. Baptist Mem'l Hosp.-DeSoto, Inc.,* 806 So. 2d 1131, 1135 (Miss. 2002).

In contending *res ipsa loquitur* applies, Savage asserts that bleach (the alleged instrumentality that caused his injuries) used by Pilot was the cause of his injuries. But, as discussed above, Savage has failed, *inter alia*, to present evidence sufficient to create a genuine dispute of material fact on whether bleach was the cause. Therefore, for the very reasons that Savage is required to provide expert testimony, *res ipsa loquitur* is inapplicable. *See Redhead v. Entergy Miss., Inc.*, 828 So. 2d 801 (Miss. Ct. App. 2001) (*res ipsa loquitur* inapplicable because, *inter alia*, plaintiff failed to show alleged instrumentality caused fire at issue); *see also Investors Real Estate Trust Prop., Inc. v. Terra Pac. Midwest, Inc.*, 686 N.W.2d 140, 146 (N.D. 2004) (without evidence identifying "instrumentality" that caused harm, no showing can be made that instrumentality was in defendant's exclusive control, therefore *res ipsa loquitur* inapplicable).

## III.

For the foregoing reasons, the judgment is AFFIRMED.