UNITED FUNERAL HOMES, INC. *v.* CULLIVER

No. 41751          April 3, 1961          128 So. 2d 579

*Lawrence W. Rabb,* Meridian, for appellants.

*Barney Eaton III, J. A. Travis, Jr.,* Jackson; *Luther D. Pittman,* Raleigh, for appellee.

McGehee, C. J.

This is a workmens compensation case wherein the attorney referee awarded to the claimant Alfred Culliver monthly compensation during the period of his determined total disability from an accident which he sustained as driver of an ambulance for the appellant United Funeral Homes, Inc., doing business as Memory Chapel Funeral Home.

The accident occurred on June 30, 1958. The claimant had a pre-existing hernia which was not compensable under the provisions of the Mississippi Workmens Compensation law as amended. This hernia was corrected by an operation on September 25, 1958, and it appears that prior to June 30, 1958, the claimant had had surgical operations in 1931, 1935 and 1937, and that during the operation in the year 1935 one of his ribs was removed.

The claim here involved is for the accident, which arose out of and in the course of his employment, when he turned the ambulance over on June 30, 1958, and for which he received compensation during his period of disability, and the claim is also made for the aggravation of said injury allegedly sustained on December 5, 16, 19

and 20, 1958, when he says that the injury of June 30, 1958, was aggravated by his lifting human bodies in his work as an assistant at the funeral home establishment and that on each of the dates of December 5, 16, 19 and 20 he hurt his back.

Upon appeal to the full Commission the award made by the attorney-referee was reversed by a majority vote of the commission and any and all benefits were disallowed, either as compensation or for medical. The commission based its decision upon the testimony of the claimant, Orville E. Musgrove, Superintendent of the funeral home, and Troy E. Sims, all lay witnesses, and upon the medical testimony of Dr. James C. Bass, Jr., an orthopedic surgeon at Laurel, Mississippi, Dr. W. M. Coursey of Raleigh, Mississippi, and Dr. Frank Wood of Jackson, Mississippi, and certain written reports of other doctors.

Upon appeal to the circuit court the trial judge reversed the decision of the commission and reinstated the decision of the attorney-referee, which had allowed temporary total benefits and also permanent partial disability benefits of $10.20 per week, payable during the continuance of such partial disability but not exceeding 450 weeks. The appeal to this Court was from the decision of the circuit court.

We have carefully studied all of the testimony of both the lay and medical witnesses and we are of the opinion that based upon the testimony of Dr. James C. Bass, Jr., of Laurel, Mississippi, the decision of the full commission is supported by substantial evidence, and that the decision of the commission, as the trier of the facts, should have been affirmed upon the appeal to the circuit court. It is, therefore, our decision that the conclusion of the Workmens Compensation Commission should be reinstated, and that the decision of the circuit court herein appealed from should be reversed and judgment rendered here for the appellants.

■■■ The dissenting member of the Workmen's Compensation Commission made the observation that in his opinion the decision of the attorney-referee was supported by substantial evidence and that the same should therefore be affirmed. But we think that the test is whether or not the decision of the commission is supported by substantial evidence, and that if so the decision of the commission should be upheld, instead of the decision of the attorney-referee, even though the latters decision may also be supported by substantial evidence. Railway Express Agency v. Hollingsworth, 221 Miss. 688, 74 So. 2d 754; Miss. Products, Inc. v. Gordy, 224 Miss. 690, 80 So. 2d 793; Malley v. Over-The-Top, 229 Miss. 347, 90 So. 2d 678; and Ingalls Shipbuilding Corp. v. Dickerson, 230 Miss. 110, 92 So. 2d 354.

It may be true as stated by the dissenting member of the Workmen's Compensation Commission that the attorney-referee was supported by substantial evidence. The circuit judge was also of that opinion. But we think that the decision of the full commission to the contrary was also supported by substantial evidence and that the same should have been affirmed.

There was also a conflict in the testimony of the claimant and that of the supervisor of the funeral home as to whether the claimant had to quit work because of inability to perform his duties, the work being as he says too heavy, or whether he was fired as of December 31, 1958, because of his continuous complaints about his employer and his unwillingness to agree to desist making such complaints, as testified to by the supervisor of the funeral home. Under the state of this record and the conflicts in the testimony this case could have been appropriately decided either for or against the claimant, and if it had been decided for the claimant instead of against him it would be our duty to affirm the action of the commission under the cases hereinbefore cited.

The judgment of the circuit court is therefore reversed and the decision of the majority of the commission is hereby reinstated.

Reversed and decision of Workmen's Compensation Commission is reinstated.

*Kyle, Arrington, Ethridge* and *Rodgers, JJ.,* concur.