ROBERTSON, Justice:
This is a Workmen’s Compensation case involving a back injury. The Attorney-Referee found that there was a compensable accidental injury which occurred on or about April 1, 1963; that claimant’s preexisting condition contributed fifty per cent *486 to bis present disability; that by calculation claimant has a permanent wage earning loss-of $11.25 per week and that his compensation rate for such disability as apportioned is $3.75 per week. The full Workmen’s Compensation Commission approved and affirmed the Attorney-Referee’s Order. The Cricuit Court of the First Judicial District of Hinds County affirmed the Order of the Commission and the Appellants, Petroleum Equipment Company and Zurich Insurance Company, then perfected an appeal to this Court.
Appellee, Walter E. Lancaster, worked as a mechanic for Appellant, Petroleum Equipment Company, for approximately twelve years. His work consisted of repairing heavy and semi-heavy equipment weighing between 100 and 150 pounds. It was necessary for him from time to time to lift and move such equipment. His foreman and fellow workers testified that he was a good worker.
In 1958 appellee injured his back while helping to unload some heavy boxes of freight from a truck. The employer paid for treatments by a chiropractor. Appellee lost no time from work, drew no workman’s compensation, and continued to work as a mechanic. Some months prior to the injury of April, 1963, he began to have trouble with his left leg with pain radiating downward from his left hip. After prolonged standing, he would occasionally suffer from numbness or weakness in his left leg.
Appellee testified that, on April 3, 1963, he arrived at work about eight o’clock a. m., that he completed repairs on an electric gasoline pump motor in about twenty minutes, then picked up the motor to take it to the shipping department. As he turned around, his leg gave way and he fell to the floor. Appellee massaged the muscles of his left leg and got up, but after he had walked about fifteen feet, his leg gave way again. He finally got to the parts and shipping clerk and told him to send someone back to pick up the motor. Appellee then started back to his work bench, but his leg gave way on him once again. He told Harry Brown, the shipping clerk, that he would have to go home and requested him to ask his foreman, Raymond Pigg, if his son, David Lancaster, who also worked for the appellant, could drive him home. Although he had worked for twelve years prior to this incident, this was the last day that he worked regularly for the appellant.
The testimony is in conflict as to whether this incident occurred on April 3, 1963. The appellant contends that there was no such incident because the appellee did not mention this incident to Dr. John G. Caden, an orthopedic surgeon who treated him in late April, 1963, or to the Veterans Administration Hospital when he checked in there in May, 1963. Also, the appellant contends that its bookkeeping records show that the appellee did not work on April 2nd or 3rd, and, therefore, this incident could not have happened.
Holbert C. Hughes, a fellow worker, testified that he remembered the incident of the appellee falling, and although he was not good at remembering dates, it could have been around the first of April, 1963.
Harry J. Brown, parts and shipping clerk, who worked in a different department from the appellee, testified that he remembered the occasion when Lancaster requested him to ask Mr. Pigg if David Lancaster could carry him home, because appellee had hurt himself. Raymond Pigg, the foreman, said that he remembered the occasion when Harry Brown asked him if it would be all right for David Lancaster to carry his father home. Neither Brown nor Pigg remembered the exact date.
Appellant contends that, even if this incident did take place, it was just one of a continuing series of episodes and could not be classified as an accidental injury.
Dr. Marshal B. Allen, Jr., neurosurgeon at the Veterans Administration Hospital, operated on appellee in November of 1963,. *487 for a herniated disc. On cross-examination he stated that the history of appellee’s injury, as related in the hypothetical question propounded to him by claimant’s attorney wherein claimant’s attorney had included the April 3, 1963, episode, would be more in line with the usual history of back trouble than the history contained in the Veterans Administration chart. He stated his thoughts in these words:
“ * * * in other words, I think it would be a little more common to have a recurrent episode associated with a lift, with a movement or straining movement than it would be to have these recurrent episodes not associated with any straining movement, although this is not unknown either.”
Dr. Allen gave his expert medical opinion in these words:
"Assuming that the facts that you have given me here are the case I think one has to assume that the injury sustained by picking up the motor on April 3, 1963 and at the time he turned must have aggravated an already pre-existing condition. I think that he’s bound to have had a pre-existing disease of his lumbar back which probably represented a small protrusion of an intervertebral disc associated with his injury of some S years previously. I think that in all probability this protrusion was enlarged, assuming this episode to have occurred April 3rd, I would assume that this lesion or this protrusion was enlarged and there’s certainly good evidence here in the statement that would make one assume that he had actual pressure on a nerve root at the time of this turning episode on April 3, 1963.”
The testimony of these witnesses has been alluded to in order to show that the findings of the Workmen’s Compensation Commission, which were affirmed by the Hinds County Circuit Court, were supported by substantial evidence.
There is no merit to the argument that a fall should have been expected or foreseen by the appellee when he picked up the motor and turned around and his leg gave way.
In Hardin’s Bakeries v. Ranager, 217 Miss. 463, 465, 64 So.2d 705, 706, 65 So.2d 461 (1953), this Court had this to say about the meaning of the word “accident” as used in the phrase “Injury arising by accident”:
“It is generally construed as meaning an occurrence which is neither expected, designed, nor intentionally caused, by the workman, and so, as to injuries unintentionally resulting from the acts of the latter, is employed in contradistinction to the expression 'wilful misconduct’, which is found ordinarily in the same section or paragraph of the statute. It has been stated that an injury is unexpected, so as to bring it within the category of ‘accident’, in this connection, if the workman did not intend or expect that it would result on the particular occasion from what he was doing. The mere apprehension that an injury such as did occur was likely to occur at some indefinite time in the future does not deprive the occurrence of its accidental character." (Emphasis added.)
In the same section of the Workmen’s Compensation Law providing for compensation, (Mississippi Code 1942 Annotated section 6998-04 (Supp. 1966)), the Mississippi Legislature said:
“No compensation shall be payable if the intoxication of the employee was the proximate cause of the injury or if it was the willful intention of the employee to injure or kill himself or another.”
This is the only exception to liability for payment of compensation. Appellee’s injury did not result from any wilful misconduct on his part, and the Commission was justified in finding that the injury was accidental.
*488 The appellee cross-appealed, contending that the circuit court erred in affirming the Commission’s finding, that a pre-existing condition contributed fifty per cent to cross-appellant’s present disability, and that the circuit court erred in affirming the apportionment of compensation for permanent partial disability.
According to all the medical testimony, there was a pre-existing condition which substantially contributed to cross-appellant’s present disability. This pre-existing condition was the result of the injury in 1958, any claim for which is long since barred by the statute of limitations. It was, therefore, a pre-existing condition of the claimant alone. The Commission was correct in apportioning the compensation due the cross-appellant. The judgment of the circuit court is, therefore, affirmed on both direct and cross appeals.
Affirmed on direct and cross appeals.
ETHRIDGE, C. J., and RODGERS, PATTERSON and SMITH, JJ., concur.