BRADY, Justice:
This is an appeal from a judgment of the Circuit Court of Warren County, Mississippi, reversing a unanimous judgment of the Mississippi Workmen’s Compensation Commission which affirmed a judgment of the attorney referee denying appellee benefits of the Mississippi Workmen’s Compensation Act.
The attorney referee found that appellee had sustained a lumbar sacral sprain on June 26, 1964, while lifting and stacking hundred pound sacks of feed for appellant, The Merchants Company. Appellee received treatment from numerous physicians and reached maximum medical recovery on November 10, 1964. The attorney referee held that any disability *792 which appellee suffered after November 10, 1964, is totally unrelated to the aforesaid injury and is the result of pre-existing conditions or unknown, intervening and subsequent circumstances. The average weekly wage of appellee at the time of the injury was $64.87. The attorney referee, among other things, ordered appellants:
1. To pay appellee compensation for temporary total disability benefits at the rate of $35 per week for the period June 27, 1964, through July 12, 1964, and for the period July 22, 1964, through November 10, 1964, with appellants to be given credit for any disability benefits already paid.
2. To pay no permanent disability benefits.
3. To pay for medical services and supplies provided to appellee for the aforesaid back injury and make reimbursement for any such services and supplies previously paid by him, except as to expenses incurred for medical services and supplies after November 10, 1964, and expenses incurred for psychiatric treatment.
The full Commission, upon reviewing the findings and order of the attorney referee, affirmed in toto. Upon appeal the circuit court reversed, holding that the order of the Commission was manifestly in error. The circuit court found that appellee was totally and permanently disabled and ordered appellants to pay compensation at the rate of $35 per week for a period of 360% weeks or until a total sum of $12,500 had been paid. Appellants were ordered to pay all appellee’s hospital and medical bills less and except those presented by the Veterans Administration Center of Jackson.
The sole issue presented by the appeal is whether the circuit court erred in reversing the Commission’s finding and in adjudging appellee to be entitled to compensation benefits for total permanent disability. The determination of this question depends upon whether the Commission had substantial evidence upon which to base its finding. The pertinent facts are as follows.
On June 26, 1964, appellee, while in the course of his employment, sustained a. lumbar sacral sprain diagnosed as acute myositis. Complaint was made to a superi- or who promptly had appellee sent to the Street Clinic in Vicksburg for treatment-He was not hospitalized. He was treated' by Dr. Richard A. Street, Jr. until August 11 when he was discharged as cured and told to return to work. He worked for approximately nine days at which time his back began to hurt again, and he returned for treatment to the Street Clinic. He was hospitalized on August 14, examined and treated by Dr. J. P. Guer-riero, and after four days, was discharged. Dr. Guerriero testified that he had fully recovered from his sacral sprain and also from prostatitis and epididymitis for which he had also received treatment.
Appellee reported back to the Street Clinic and was examined on August 21,. 1964, and was discharged to return to work, on August 24, 1964. He did not return to work but secured admission to the Veterans-Administration Hospital in Jackson on September 1, 1964, where he remained through September 27, 1964. There he was examined by Dr. Marshall B. Allen, Jr. and' Dr. Robert McKinley, who testified for appellee. Dr. McKinley, a psychiatrist, spent an hour and fifteen minutes in examining appellee on November 9, 1964. Dr. Allen examined appellee on September 1,. 1964, and subsequently.
Dr. Allen testified -that he could not find any organic lesion to account for appellee’s disability. Dr. Allen stated that he felt appellee had been having more pain than would be consistent with his-degree of organic disease and that for that reason he consulted Dr. McKinley, a psychiatrist.
Appellee was finally discharged from-the Veterans Hospital on November 10, 1964, as completely recovered. On April *793 12, 1964, appellee was examined by Dr. Richard W. Naef, a neurologist. A thorough neurological examination was conducted, but no diagnosis was made. A myelogram was suggested and arranged for April 16, but appellee did not keep the appointment. On May 5, 1964, appellee was again examined, and a complete diagnosis was made. On January 5, 1965, ap-pellee saw Dr. J. B. Dillard, a general practitioner of Vicksburg, Mississippi. Dr. Dillard found appellee to be suffering from many maladies, including locomotor ataxia, sciatic rheumatism, ureteralgia, cholecysti-tis, inflamation of the gall bladder and ptosis of a transverse colon. An objective analysis of Dr. Dillard’s testimony does not indicate a causal connection between any of these maladies and the back sprain.
The record discloses a conflict in the testimony of the doctors as to whether there was any causal connection between appellee’s present disability and the original back sprain. Dr. McKinley took the position that appellee’s neurosis and predisposition thereto possibly could have been precipitated by his back sprain and the resultant disability. He felt that the incident gave appellee an excuse to convert his anxiety into real physical pain. Dr. McKinley conceded that it is quite possible that some other like event might have developed such a conversion.
Dr. Naef, a highly competent and experienced neurologist, unequivocally asserted that the only connection between appellee’s present symptoms and the original injury is appellee’s own rationalization. Dr. Naef testified that although appellee suffered temporary disability and pain from his low back sprain, these symptoms have subsided, and the continuing symptoms are purely of an emotional basis. Dr. Naef stated that he did not think the back injury caused appellee’s mental condition; that his mental condition is not due to any terrifying or frightening experience; and that it is not a neurotic mental illness arising out of an injury. Dr. Naef stated that in his opinion there was no causal connection between appellee’s present symptoms and the initial injury. Dr. Naef concluded that appellee relates all his difficulties to his former back sprain and that his present symptoms are not the outgrowth of his original injury but are due to personality disorders.
From the foregoing we are of the opinion that appellee failed to meet the burden of proof required to establish his mental or emotional disorder as a compensable injury. In Dunn, Mississippi Workmen’s Compensation section 67 (Supp.1965) we find the following statement:
In general, where the claim is based upon a mental or nervous disease, it is viewed with the normal suspicion attending claimed disabilities which have no physical cause traceable to objective findings, and the burden of proof, which rests upon the claimant, is greater than in ordinary cases. The accident must be established by evidence bringing it within the realm of probability and the causal connection with the accident must be shown by “clear evidence,” and must not be remote.
The issues in this case are controlled by our decisions in Bates v. Merchants Company, 249 Miss. 174, 161 So.2d 652 (1964) and International Paper Company v. Wilson, 243 Miss. 659, 139 So.2d 644 (1962). In the Wilson case we held that the claimant’s continuing disability was not attributable to his injury but was due solely to a psychoneurotic condition existing prior to the injury. In the Wilson case the doctor stated:
“My general opinion is that any sufferer from a chronic neurosis or chronic neurotic condition may decompensate in time from an ‘A-symptomatic’ state to a ‘symptomatic state’, and that when they reach decompensation some life event is often focused on to explain or rationalize the change that has taken place.” (243 Miss. at 670, 139 So.2d at 649.)
*794 “The injury was an event in Mr. Wilson’s life which he claims brought about his present incapacity. Therefore, Mr. Wilson chooses to attribute considerable importance to this injury. * * * It does not necessarily have any influence on his condition. It has an influence on the way he rationalizes his condition.” Ibid.
There is a strong similarity between the testimony of the doctor in the Wilson case and the following testimony of Dr. Naef in the case at bar:
Yes, but the thing that continues the situation of a pain without organic cause that is no longer due to the effects of injury is a disturbed mental state and I’m saying in this case that whole disturbed mental state is not directly due to the original injury, it’s due to many other influences.
* * * * * *
* * * all his anxieties are not directly related to pain directly from the injury; see? Originally he did hurt his back and did have pain but that injury I believe has subsided; the direct influence of the injury of his back sometime ago subsided as he developed an unusual bizarre, atypical group of symptoms that indicated that he is an insecure, passive-dependent person who is tense. Now the injury didn’t make him this type of person; the person made him unable to recover from the injury. I mean his nature made it hard for him to recover as I see it.
* * * * * *
* * * now that amounts to deterioration which is not due to the accident; the only connection is a rationalization on his part; see, he can’t see it otherwise. He rationalizes that all of these things, even the symptoms that developed weeks later are due to the accident, so the only real connection is a method of deduction or a rationalization that he exercises.
* ’ * * * * *
I think the present — the only connection* to the present symptoms and the original' injury is his rationalization — his concept of it. I think the original injury was am injury, a precipitating injury causing a. temporary period of disability and therefore, a contributing factor to the whole-thing but not the cause of the emotional disorder or not the cause of all of his symptoms at all. In other words, right now I don’t think he is sick from the injury * * *.
The prognosis of appellee’s condition is not as pathetic or hopeless as his brief indicates. He can “pluck from the memory a rooted sorrow, raze out the written troubles of the brain,” because Dr. Naef positively testified: “If you could get this case settled for him and he could find a job with a kind employer * * * this man will get well, he’d straighten up and walk and go to work, and he will, you watch.”
In National Impact Metal Corporation v. Huffstatler, 184 So.2d 877 (Miss. 19661), we pointed out:
The Commission is the trier of facts, and" its order will be affirmed if there is-substantial evidence to support it. Moreover, a claimant asserting that a mental' or nervous disease resulted from an-industrial accident must show the causal' connection between the accident and the-psychoneurosis by clear evidence.
 The evidence reviewed is in dispute, but we hold that the Commission’s-, findings on the disputed facts were supported by substantial evidence. It is not-our prerogative to pass upon disputed evidence except to determine whether that evidence is sufficient to sustain the findings of the Commission as a matter of law. We hold that the evidence in the present case was sufficient, and, for this reason, the judgment of the circuit court ordering the payment of permanent total disability benefits is reversed and the order of the *795 ■Commission directing the payment of temporary total disability benefits is reinstated. As to all other findings, the judgment of ■the circuit court is affirmed.
Affirmed in part and reversed in part .and remanded to Workmen’s Compensation Commission.
GILLESPIE, P. J., and RODGERS, TONES and INZER, JJ., concur.