199 So.2d 436 (1967)
SAM JONES CASING CREWS and Utica Mutual Insurance Company, Employer/Carrier-Appellants,
v.
DEPENDENTS OF James SKIPPER, Deceased, Claimants-Appellees.
No. 44467.
Supreme Court of Mississippi.
May 22, 1967.
Gibbes & Graves, William S. Mullins, III, Laurel, for appellants.
Stanford Young, Waynesboro, for appellees.
PATTERSON, Justice.
James Skipper was killed in a highway accident while driving a truck which belonged to Sam Jones Casing Crews. Skipper's dependents filed a claim for death benefits under the Mississippi Workmen's Compensation Act against the employer and insurance carrier. Following a hearing, the attorney-referee awarded death benefits. On review, the Workmen's Compensation Commission reversed the order of the attorney-referee and denied benefits. The Circuit Court of the Second Judicial District of Jones County, on appeal, reversed *437 the order of the commission and reinstated the order of the attorney-referee. From the circuit court order the employer and carrier have appealed here.
The dispositive issue in this case is whether there was substantial evidence to support the finding of the commission that Skipper was not acting within the course and scope of his employment at the time of his death.
Sam B. Jones, Jr., owner of Sam Jones Casing Crews, was in the business of installing casing and production pipe for oil wells. He testified that on the morning of September 18, 1964, he saw Skipper in Waynesboro and something was mentioned about work, but that he did not hire Skipper at that time. He said he had stopped at Club 84 near Waynesboro that evening and was playing cards and drinking beer when Skipper came in and again asked about work. Jones testified he told Skipper he needed some hands, but that Skipper lived too far from Waynesboro and that he could not drive out to pick him up since the casing jobs came at all hours of the day and night. According to Jones, Skipper said he did not have money to move to Waynesboro, but if Jones would lend him the money, he would get a room in Waynesboro and go to work for Jones. Jones testified he gave Skipper a check or note for $50 and told him to take it to a truck stop in Laurel to get it cashed, and for this purpose Skipper used a Sam Jones Casing Crew truck. While on this mission Skipper was killed in a one-vehicle accident.
Jones testified he hired Skipper that night, but that Skipper was not working at the time of the accident. Two employees of a Laurel funeral home where Skipper's body was taken, testified they had conversations with Jones in which Jones said that Skipper had been hired by him. A neighbor testified that Skipper worked for him on the day he was killed and that he did not know whether Skipper was employed by Jones.
The attorney-referee in ordering the appellants to pay death benefits to the appellees as provided by Section 9 of the Mississippi Workmen's Compensation Act made the following findings of fact:
1. That the relationship of employer-employee existed at the time of the injury and death of the deceased, between Sam Jones Casing Crews and Jimmy Skipper, deceased;
2. That the parties were subject to the Mississippi Workmen's Compensation Act at the time of the injury;
3. That the accident causing the injury and death arose out of the employment with Sam Jones Casing Crews; and
4. That the deceased's average weekly wage was $85.
After reviewing the case, the commission entered a unanimous order reversing the order of the attorney-referee, finding:
* * * (Skipper) was tentatively hired by said Sam B. Jones, Jr. to work in the oil fields contingent on his moving to Waynesboro. In order for him to move, have money to live on until pay day, and get ready to go to work the said Sam Jones, Jr. gave the deceased a note or check for $50.00 and let him have the company truck to go to the Super Service Station in Laurel (some 10 or 11 miles away) to get the money. While on this trip to get the money the truck was wrecked, and the deceased lost his life.
The commission is of the opinion that the deceased was on a mission personal to himself at the time he lost his life and that the death did not arise out of nor in the course of his employment with Sam B. Jones, Jr.
This order of the commission was reversed by the circuit court which stated that Skipper was definitely hired by Jones, that Skipper was to be on 24-hour call, and that the trip made by Skipper "if not for the sole purpose of Jones, was a dual purpose *438 trip made at the specific direction of Jones; and, that although there was benefit to the employee, the trip was in the furtherance of the master's business."
In appealing to this Court appellants list among several assignments of error the circuit court's action in reversing the commission order which, they contend, was supported by substantial evidence.
It is well established in this state that the commission is the trier of facts and its order will be affirmed if there is substantial evidence to support the order. Childs v. Miss. Industries for Blind, 184 So.2d 872 (Miss. 1966).
The circuit court was of the opinion that the order of the commission was not substantiated by the evidence.
In compensation cases the circuit court is an appellate court. "In effect, it is an intermediate court of appeals, and is bound by the same rules which govern the court of last resort under appellate procedures. Its decisions are limited to questions of law. * * *" Dunn, Mississippi Workmen's Compensation § 177 (1957).
If there is substantial evidence to support the commission's finding, it is the duty of the circuit court to affirm a commission order. Harbert Construction Corp. v. Hughes, 250 Miss. 858, 168 So.2d 506 (1964).
Under the circumstances of this case there was substantial evidence to support the commission's finding that Skipper was tentatively employed, that the loan was to enable Skipper to live until pay day, and that the mission to get the check or note cashed was personal to Skipper at the time he lost his life. Since there was substantial evidence to support the findings of the commission, the circuit court was in error when it reversed the commission order and reinstated the order of the attorney-referee even though the attorney-referee had substantial evidence to support his finding. As was stated in the case of United Funeral Homes, Inc. v. Culliver, 240 Miss. 878, 128 So.2d 579 (1964):
* * * the test is whether or not the decision of the commission is supported by substantial evidence, and that if so the decision of the commission should be upheld, instead of the decision of the attorney-referee, even though the latter's decision may also be supported by substantial evidence.
The circuit court order, therefore, is reversed and the commission order reinstated.
Reversed and rendered.
RODGERS, INZER, SMITH, and ROBERTSON, JJ., concur.