RODGERS, Justice:
This is an appeal from an order of the Workmen’s Compensation Commission and the judgment of the Circuit Court affirming the order of the Commission.
*628 An insurance agent, Albert J. Shoffner, Sr., filed a claimant’s original B-5, 11 form with the Workmen’s Compensation Commission, in which he alleged that he was injured in an accident arising out of and in the course of his employment with Vestal & Vernon Insurance Agency, Mutual of Omaha and United Benefit Life Insurance Company. The Travelers Insurance Company and Employers Group of Insurance Companies were the carriers of his employers.
The insurance companies filed their various answers on the forms provided therefor under the rules of the Workmen’s Compensation Commission, denying the relationship of employer and employee, denying that the claimant’s disability arose out of his employment with the defendants, and alleging that the claimant was an independent contractor insurance salesman, and not an employee of the defendants, or any of them.
At the conclusion of all the evidence before the attorney referee, he entered an order finding that the complainant, Albert J. Shoffner, Sr. was an employee of Mutual of Omaha and United Benefit Life Insurance Company, but that he was not an employee of Vestal & Vernon, an insurance agency partnership. He held that claimant sustained an accidental injury on or about June 22, 1964, but held that the claimant failed to meet the required proof necessary to show that his injury arose out of and in the course of employment. The order fixed his weekly wage at $114.16.
The testimony shows that for nineteen years the appellant, Albert J. Shoffner, Sr., had been an insurance salesman for Mutual of Omaha and United Benefit Life Insurance Company. He had worked fourteen years for Vestal & Vernon Insurance Agency. He was paid various commissions and “renewal payments,” under various contracts at different times by Vestal & Vernon Insurance Agency out of premiums paid to them by the policyholders.
The testimony for claimant also shows that in 1958 or 1959 the complainant had a fall and hurt his back at a time when he was trying to make a sale of insurance; that he went back to work, however, and got along all right until June 22, 1964, when he had another fall. On that day claimant’s wife advised him at noon that he would get a business call at approximately 3 p. m. He came home to await the call, and at approximately 3 p. m. the telephone in his office rang. His office was adjacent to the living room in his home where he was sitting awaiting the call. He arose to answer the call and fell, striking his chair, and he struck his back, head and hips on the hardwood floor. He was unable to answer the telephone. He testified that his wife advised the person calling of his condition.
The next day he went to the hospital where it was discovered that he had two broken ribs. Since that time he has been unable to work regularly. His left side becomes paralyzed and he suffers intense pain in his “rib cage and his hips.” He is unable to sleep very well because the pain is so intense it wakes him. He has tried employment with other companies since he was discharged by the defendant, but he has been unable to work successfully.
The claimant, Albert J. Shoffner, Sr., appealed from the order of the Commission disallowing his claim, and contends that the Commission erred in failing to hold that Vestal & Vernon Insurance Agency was his employer. The Mutual of Omaha, United Benefit Life Insurance Company, and the Employers Group of Insurance Companies (carriers) cross-appealed and now contend that: (1) the order of the attorney referee was correct in finding that claimant Shoffner failed to prove that his injury arose out of his employment; (2) the commissioner erred, however, in holding Shoffner to be an employee of Mutual of Omaha and United Benefit Insurance Company; and (3) Shoffner’s proof of his average weekly wage was inadequate to support an award of compensation.
*629 Before proceeding toward the determination of other questions at issue, it is apparent that we should first determine whether or not the Commission had substantial evidence on which to base its determination that the injury of the complainant did not arise out of his employment. The evidence shows that the complainant had an office in his home where he kept his supplies, including insurance forms. He had a telephone in his office, used in his occupation, and had a desk where he did his work. Vestal & Vernon Insurance Agency, a partnership, was aware that the complainant had an office in his home. Although witnesses for defendant contended that the claimant was not required to service their policies, the record is replete with evidence that the complainant did service policies previously issued not only by cooperation with the policyholders, but the defendant sent lists of delinquent policy premiums due by individual policyholders to the claimant to be collected under the terms of his employment contract.
The record reveals that sometime after the accident the complainant filed a claim for benefits under a group policy carried with Vestal & Vernon Agency and signed a form saying that no claim for disability benefits with workmen’s compensation carriers would be filed.
The record shows that the contract Shoffner had with the Mutual of Omaha was cancelled by the state agency on February 14, 1964 and that a new contract was executed between Shoffner and Vestal & Vernon Agency on February 28, 1964. This contract expressly provided that it replaced and terminated the Mutual of Omaha contract made June 1, 1963, but that it did not affect the United Benefit Life Insurance Company career contract. Since the accident occurred on June 22, 1964, the claimant could not have been engaged in any business for the Mutual of Omaha Insurance Company.
The proof also shows that Mrs. Bapa, whose telephone call Shoffner had been awaiting, did not have any insurance policies with United Benefit Life Insurance Company; consequently, Mr. Shoffner could not have been engaged in any business for this life insurance company at the time he fell in his home.
In the contract with Vestal & Vernon Agency, however, there was an agreement that permitted the claimant to collect renewals on health and accident insurance previously written, provided the claimant sold sufficient life insurance as therein provided. Moreover, the record reveals that for many years the claimant had provided policyholders with help as to their policies, and with services necessary to keep these policies in force. He had often collected past due premiums at the instance of the state agent, Vestal & Vernon. We believe the testimony is sufficient to establish that claimant was an insurance agent for Vestal & Vernon Agency in the month of June 1964.
We do not deem it necessary, however, to review the issue as to whether or not the claimant was an independent contractor, or an employee of one or all of the defendants, because, assuming that the claimant was an employee, we are constrained to affirm the order of the Workmen’s Compensation Commission based upon a question of fact sustained by ample evidence.
The precise question is whether Shoffner was acting for Vestal & Vernon Agency at the time of the accident so that his injury arose out of and in the course of his employment. The attorney referee, the Workmen’s Compensation Commission, and the Circuit Court all agreed that he was not acting within the course of his employment at the time he fell. This issue is a question of fact. We have outlined above how the accident was said to have occurred by the claimant. There is, however, other evidence shown in the record which might have lead the attorney referee to a conclusion that the fall in which the claimant was injured was not causally connected *630 with his employment. Mr. Shoffner’s wife did not corroborate his testimony with reference to the details of his fall and the call from Mrs. Bapa. The claimant stated in his application for benefits tinder a group policy that no claim would be made for workmen’s compensation. Mr. Shoffner had been sick, and was having considerable physical impairment. He wrote a letter to Vestal & Vernon Agency on June 29, 1964, in which he said: “I fell Friday a week ago in my living room, broke seventh rib and fractured 5th and 6th . . . am starting back to work today . . . just a note to let you know why things slowed down.” June 29, 1964 was a Monday, and “Friday a week ago” would have been June 19, not June 22. Mrs. Bapa called June 22, 1964. Shoffner did not say at any time thereafter until he filed a claim on December 31, 1965 that he was attempting to service a policy at the time he fell. This is not a case where an employee was injured at a machine while he worked in the company’s office or on the company’s premises, but this is a case where the claimant was injured in his own living room. This does not mean that one could never be engaged in the business of his employer while he is in his own home, but under the facts before the Workmen’s Compensation Commission in the instant case, we are of the opinion that the Commission had facts sufficient to reject the claim of the appellant Shoffner.
It is a well established rule in this state that the factual finding of the trier of facts will not be disturbed upon appeal if these findings are supported by substantial evidence. Freeman v. Mississippi Power & Light Co., 230 Miss. 396, 92 So.2d 658 (1957); Knox Glass, Inc. v. Evans, 197 So.2d 784 (Miss.1967); Sam Jones Casing Crews v. Dependents of Skipper, 199 So.2d 436 (Miss.1967); Dunn, Mississippi Workmen’s Compensation § 289 (2d ed. 1967).
The judgment of the Circuit Court and the order of the Workmen’s Compensation Commission denying the claim of Albert J. Shoffner, Sr. for compensation against the appellees is hereby affirmed on direct and cross-appeal.
Affirmed on direct and cross-appeal.
All Justices concur.