BRADY, Justice:
This workmen’s compensation case is appealed from the Circuit Court of Harrison County, Mississippi, wherein the circuit court affirmed the order of the Mississippi Workmen’s Compensation Commission which had denied benefits to the appellant. From that order the present appeal is prosecuted.
The appellant, Charles Williams, was employed as an iron worker by the appel-lee, Manhatten Construction Company of North America. Appellant claims that he injured his back on November 1, 1967, while attempting to move a “hand rail.” He thereupon went to the office of his own physician, Dr. Robert N. Ervin, who prescribed some medication, and after two or three days appellant returned to work. He continued to work through November, December and January. On February 1, 1967, appellant voluntarily entered a hospital to be examined by Dr. Ervin. He was discharged after being in the hospital for approximately one week. The appellant remained under the care of Dr. Ervin until March 4, 1968. During this period of time he received $230 in workmen’s compensation benefits. Upon being released by Dr. *807 Ervin, the appellant did not return to his previous employer, Manhatten Construction Company, but rather began working for the Mississippi Power Company and subsequently for Folger’s, which is on the outskirts of New Orleans. This employment extended to June 28, 1968. His duties for these new employers were essentially the same as they had been for Manhatten Construction Company prior to his injury, namely, those of an iron worker.
On June 28, 1968, the appellant returned to see Dr. Ervin because his back was hurting him. He had been required to do heavy work, although he had attempted to get out of it. Dr. Ervin again prescribed some medication and the appellant did not return to work thereafter.
On July 28, 1968, the appellant was sitting on a sunken piling about ten inches in diameter and two and a half to three feet above the ground, watching a Little League Baseball game. An automobile came through the intersection, passed a stop sign, went over the sidewalk, and struck the appellant and the post upon which appellant was seated, knocking him over a bench and into a fence. The appellant was taken to the Hancock General Hospital in Bay St. Louis, Mississippi. After receiving initial treatment at the hospital, the appellant left and went to his own physician, Dr. Robert Ervin. The appellant was unable to return to his normal line of work, that of an iron worker, because he was constantly in pain and was unable to pick up anything heavy; he even had difficulty in getting out of bed. At the present time the appellant is the owner and operator of a service station where he claims his duties are limited to those of pumping gas and collecting money. His employees do the heavy work.
The record reveals that Dr. Robert N. Ervin was not available to testify during the hearings due to ill health. The only medical testimony was a deposition from Dr. Orlando J. Andy of the University Hospital, who examined the appellant on December 29, 1969, solely for evaluation purposes. Dr. Andy testified that his opinion was based upon the history as given to him by the appellant and upon his examination of the appellant. This examination had taken approximately an hour, and Dr. Andy did not take any x-rays; he was unaware that the appellant had worked for several weeks after the initial accident of November 1, 1967. Dr. Andy testified that the appellant had approximately fifteen to twenty percent disability to the body as a whole and that he was one hundred percent disabled with respect to performing heavy labor. Over the objection of the ap-pellee, Dr. Andy apportioned the disability due to the injury of November 1, 1967, in relation to the later injury of July 28, 1968. Dr. Andy testified that the best he could estimate as far as apportionment was concerned was to set a fifty-fifty apportionment. He explained that this was based on the fact that the patient had difficulty at the time he was injured the second time and the doctor believed that fifty percent of the present disability was due to the first injury of November 1, 1967, and fifty percent to the second injury of July 28, 1968. Dr. Andy did testify that probably the appellant would have continued to work if he had not had the second injury in July. Dr. Andy further testified that it was possible that the blow which the appellant received to his back in the automobile accident could have caused the ruptured disc just as easily as the exertion in lifting the hand rail.
After hearing the testimony, the attorney referee found that the appellant has a ten percent loss of wage earning capacity and awarded the appellant $13.64 per week in benefits based on a compensation rate of ten percent permanent partial disability. On appeal to the workmen’s compensation commission, the commissioners voted two to one to reverse the decision of the attorney referee. The majority opinion found that the claimant sustained no loss of wage earning capacity as a result of his injury on November 1, 1967. It is from this adverse order that the appellant appeals.
*808 While the appellant makes three assignments of error, we need to consider only one cardinal question: Is there substantial evidence to support the findings of the Mississippi Workmen’s Compensation Commission? We have in numerous cases pointed out that the basic test as to whether there is substantial supporting evidence is not whether the claim is supported by substantial evidence but whether the finding of the commission, either in allowing or denying the claim, is supported by substantial evidence. We have read carefully the record and reviewed the briefs of counsel, and it is our conclusion that the trial court did not err in affirming the order of the commission. There is substantial evidence to establish the fact that the appellant did not sustain any loss of wage earning capacity because of the injury of November 1, 1967. This Court has held repeatedly that where the finding of. the commission is supported by substantial evidence, we are not authorized to reverse its judgment. Shoffner v. Vestal & Vernon Agency, 217 So.2d 627 (Miss.1969) ; Merchants Co. v. Moore, 197 So.2d 791 (Miss. 1967); Knox Glass, Inc. v. Evans, 197 So. 2d 784 (Miss. 1967); Petroleum Equip. Co. v. Lancaster, 197 So.2d 485 (Miss.1967); United Funeral Homes, Inc. v. Culliver, 240 Miss. 878, 128 So.2d 579 (1961). See Dunn’s Mississippi Workmen’s Compensation section 289 (2d Ed. 1967).
For the foregoing reasons, the order of the circuit court affirming the Mississippi Workmen’s Compensation Commission’s order denying benefits to the appellant is affirmed.
Affirmed.
GILLESPIE, C. J., and JONES, IN-ZER and SUGG, JJ., concur.