BRADY, Justice:
This is a workmen’s compensation case which was appealed from the Circuit Court of Harrison County, Mississippi. The circuit court affirmed the order of the Mississippi Workmen’s Compensation Commission which had awarded the appellant, Clarence C. Cobb, benefits based upon forty percent loss of use of his left arm as a result of an electrical shock and injury suffered on October 6, 1967. From an order of the circuit court affirming the commission’s award, the appellant prosecutes this appeal.
There is but one issue in this cause, namely, was the order of the Mississippi Workmen’s Compensation Commission, awarding permanent partial disability based on a forty percent loss of use of the left arm, supported by substantial evidence and not against the overwhelming weight of the law and evidence? The facts in this case are largely undisputed.
On October 6, 1967, the appellant received the electrical shock while working on a ladder putting in stitch screws. He was holding on to the iron ladder with his left hand and had a screw gun or impact wrench in his right hand. The screw gun, which was operated by electricity, short-circuited as he was putting in the last screw. The appellee provided all medical attention incidental thereto for the appellant’s welfare through the services of Dr. Magruder S. Corban, an orthopedic surgeon, and Dr. Bland.
On October 8, 1967, the appellant was admitted to the hospital and surgical reconstruction of the left shoulder joint was carried out. This correction process included the fixation with a single stainless steel screw. The appellant was discharged and allowed to resume work on November 6, 1967.
Dr. Corban, who had followed the patient during his convalescence and prior to his discharge, testified that in his opinion appellant had sustained a twenty percent disability to the left upper extremity. Appellant obtained the services of Dr. E. J. Holder, an orthopedic surgeon, who made one examination of appellant on July 21, 1969. Both doctors took x-rays of the shoulder area, and Dr. Holder likewise estimated that the appellant had suffered a twenty percent disability to the left upper extremity. Appellant contends he is one hundred percent disabled and relies upon his testimony and that of one T. D. Riley, who had known the appellant for ten or twelve years while they were working on steel construction jobs. Mr. Riley testified that subsequent to the injury of appellant’s shoulder there was a difference in the way appellant performed his work. Mr. Riley further testified that when he was foreman *182 with an employer designated as CEFCO he favored the appellant by not requiring him to reach overhead or to drill where it was difficult to reach. The record discloses, however, that both doctors testified he was able to do overhead work but that there would be tiring in the upper left extremity ; that there was some danger, because of the weakness in his left arm, for the appellant to climb on structures and work for a considerable period of time when he was required to hold on with his left hand.
The attorney referee awarded the appellant a thirty percent disability because of the injury. Upon appeal to the full commission he was awarded forty percent. This award was affirmed by the Circuit Court of Harrison County.
The testimony in this case is substantial to affirm the holding of the commission that the appellant sustained forty percent loss of the use of his left arm. It is apparent from the record that when he did not have foremen to assist and help him he nevertheless did overhead work, though it was tiring.
This case falls squarely within the rule of law repeatedly announced by this Court that where the evidence is substantial to support the findings of the Mississippi Workmen’s Compensation Commission this Court will not sit as a trier of facts. For this reason, the judgment of the circuit court is affirmed. Shoffner v. Vestal & Vernon Agency, 217 So.2d 627 (Miss. 1969); Merchants Co. v. Moore, 197 So.2d 791 (Miss.1967); Knox Glass, Inc. v. Evans, 197 So.2d 784 (Miss.1967); Petroleum Equip. Co. v. Lancaster, 197 So.2d 485 (Miss.1967); United Funeral Homes, Inc. v. Culliver, 240 Miss. 878, 128 So.2d 579 (1961). See Dunn’s Mississippi Workmen’s Compensation § 289 (2d ed. 1967).
Affirmed.
GILLESPIE, C. J., and JONES, SMITH and SUGG, JJ., concur.