447 So.2d 130 (1984)
Dependents of Lawrence EVANS, Deceased
v.
MARKO PLANNING, INC. and Travelers Insurance Company.
No. 54130.
Supreme Court of Mississippi.
March 14, 1984.
Peggy A. Jones, Warren & Jones, Holly Springs, for appellants.
Reed Hillen, Holland, Ray & Upchurch, Tupelo, for appellees.
Before ROY NOBLE LEE, P.J., and PRATHER and SULLIVAN, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
The Circuit Court of Tippah County, Honorable William R. Lamb, presiding, affirmed an order of the Mississippi Workmen's Compensation Commission denying compensation benefits to the dependents of Lawrence Evans, deceased. They have appealed to this Court, and we affirm.
The appellants assign four errors in the trial below, but the question presented by them is whether or not the order of the Mississippi Workmen's Compensation Commission was supported by substantial evidence and whether or not the lower court erred in affirming that order denying compensation benefits.
Lawrence Evans was employed by Marko Planning Company (Marko) as a concrete finisher. On May 3, 1979, he and other employees of the company reported to work. However, the work day was cancelled because of rain, and the men were credited with one and one-half (1 1/2) hours' time for reporting. On the previous day, the employees had been told by Marko that the payroll checks would be available on May 3 (Thursday) at the job site and would be cashed by the company. Payroll checks were one week late because of the unavailability of a Federal Land Bank draw from the employer's loan account at the Peoples Bank of Booneville.[1] Marko would cash the checks of employees at the job site, if they so desired, which service, according to Marko, was offered as a convenience to the employees. The service was a practice, not a requirement, and some employees cashed *131 their checks at the bank on occasions. After the job was shut down for the day, Evans and several other employees began drinking beer while waiting for their paychecks.[2] The employees were told they could not drink on the job, and such employees, including Evans, left the premises.
The record does not reflect Evans' activities or whereabouts until approximately 12 noon. Dallas Walls testified that he picked up Evans around 12 noon or 1 p.m. on May 3, 1979, at an intersection approximately one mile from Walls' home; that Evans asked Walls for a ride to Marko for his check;[3] and that, while en route to Ripley, Walls was involved in a two-car accident about 2 or 2:30 p.m. in which Evans was seriously injured. Subsequently, on July 27, 1979, Evans died of a pulmonary embolus secondary to immobility of the lower extremity as a result of the injuries sustained in the automobile accident.
The administrative law judge found that Evans sustained a compensable injury which totally disabled him and resulted in his death. Pertinent parts of his order follow:
2. That the employer had told the employees to come to the job site on May 3, 1979 to receive their paychecks which were two weeks late;
3. That it was in the best interest of the Employer that the Claimant and other employees come to the job site for their paychecks rather than seek other methods of collection for this money;
4. That the Claimant sustained a compensable injury arising out of and in the course and scope of his employment with Marko Planning Company, Inc., on May 3, 1979, which caused him to be temporarily totally disabled from May 3, 1979, until his death on June 27, 1979, ...
The full Commission held that there was no causal connection between the injuries and death of Evans and his employment with Marko, reversed the order of the administrative judge, and denied compensation with the following observation:
In reversing the order of the administrative judge in denying benefits in this cause, the full Commission notes that deceased was acting within the course and scope of his employment from the time he arrived on the employer's premises on the morning of May 3, 1979, until he terminated his employment for the day later that morning. Further, had deceased arrived on employer's premises later that afternoon to collect his pay, an act incidental to his employment, his actions would have been within the course and scope of his employment. However, events which occurred as the deceased departed employer's premises that morning or as he proceeded to employer's premises that afternoon must be considered in light of the "going and coming" rule which precludes compensation for injuries suffered by employees while going to or returning from their regular place of work and off the employer's premises, in absence of extraordinary circumstances.
On appeal to the Circuit Court of Tippah County, the lower court affirmed the Mississippi Workmen's Compensation Commission and said:
Although this Court is not convinced that the "coming and going to work" rule and the exceptions thereto as discussed in Wallace vs. Copiah Lumber Company, [223 Miss. 90] 77 So.2d 316 (Miss. 1955) is applicable to the facts in this case; the Court is nevertheless of the opinion that there is substantial evidence in the record to support the Commission's order finding that the deceased, Lawrence Evans, was injured outside the scope and course of his employment while the deceased was on a purely personal mission; and that, therefore, *132 the decision of the Commission should be affirmed.
The "coming and going to work" rule is referred to in the Commission order and discussed in the briefs. However, the appellant does not contend that such rule is applicable in the present case. We agree that it does not. See Wallace v. Copiah Lbr. Co., 223 Miss. 90, 77 So.2d 316 (1955); Stepney v. Ingalls Shipbuilding Division, Litton Systems, Inc., 416 So.2d 963 (Miss. 1982).
The appellants take the position that Evans was instructed to pick up his check at the Marko plant; that he was following those instructions at the time of the accident which resulted in his death; that, therefore, the mission was job-related and there was a causal connection between his work and the accident. They cite numerous cases to sustain such contention, among them being Kerr-McGee Corp. v. Hutto, 401 So.2d 1277 (Miss. 1981); Burnham Van Service v. Dependents of Moore, 250 Miss. 165, 164 So.2d 733 (1964); and Big "2" Engine Rebuilders v. Freeman, 379 So.2d 888 (Miss. 1980).
In the above cases, there was no contradiction to the fact that the employees were actually working within the contours of their jobs and the question was whether or not the injury sustained was incidental to and the result of that employment. Such is not the situation here. Also, appellants cite cases from other jurisdictions where receiving pay was held to fall within the scope of the claimant's employment. After a review of those cases, we think they are distinguished from the case sub judice.
In Sam Jones Casing Crews v. Dependents of Skipper, 199 So.2d 436 (Miss. 1967), James Skipper was hired by Sam Jones, Jr., owner of Sam Jones Casing Crews, and was given a check in the amount of $50.00 and was instructed by Jones to take it to a truck stop in Laurel and get it cashed. Skipper was killed on the way in a one-vehicle accident. The Commission found that Skipper was on a mission personal to himself at the time of the accident and that his death did not arise out of, or in the course of, his employment with Sam Jones, Jr., and was not compensable. The circuit court, on appeal, reversed the Commission and ordered compensation. This Court stated:
It is well established in this state that the commission is the trier of facts and its order will be affirmed if there is substantial evidence to support the order... .
* * * * * *
If there is substantial evidence to support the commission's finding, it is the duty of the circuit court to affirm a Commission order. [199 So.2d at 438]
See Babb v. GTE Sylvania, Inc., 417 So.2d 545 (Miss. 1982); Coleman v. Chattanooga Container Co., 377 So.2d 606 (Miss. 1979); Holloway v. Prassell Enterprises, Inc., 348 So.2d 771 (Miss. 1977).
We are of the opinion that the Commission order was supported by substantial evidence and that even though it was based on the "coming and going rule," the issue of compensability was properly decided. In our opinion, the lower court committed no error in affirming the Commission order.
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
NOTES
[1] The normal procedure was for the company to withhold a week's paycheck prior to each pay period. Marko apparently was in financial straits and thus the reason for its delinquency in meeting the payroll.
[2] The paychecks actually did not arrive until approximately 6 p.m. that day.
[3] Marko's job site was in excess of twenty miles from Ripley.