SOUTHWICK, P.J.,
concurring.
¶ 18. Both the trial judge and this Court’s majority find the Commission’s opinion to be unsatisfying. My disagreement with both the circuit court and the majority is that I find the decision to be clear enough for proper appellate review. I would not have remanded to the Commission as did the circuit court, nor would I indicate the dissatisfaction with the Commission that the majority does here. In other words, I concur without the criticism of the agency.
¶ 19. The first opinion was by the administrative judge. Her view was clear if somewhat indirect, namely, that the claimant’s testimony was incredible. There is substantial evidence in the record regarding a history of compensation claims, some of which were not disclosed to subsequent doctors during the course of making new claims. The majority refers to those factual defects. The administrative judge stated that the decision was “based on all the evidence as submitted as well as an observation of the demeanor of the claimant”; this statement followed the administrative judge’s finding that the claimant failed to sustain her burden to prove a work-related injury.
¶ 20. In my view this was a firm if polite finding that the claimant was not believable. It was the claimant whose testimony and reports to her doctors indicated the work-related nature of her injuries. The administrative judge did not accept that evidence. I find that a ruling based on credibility of witnesses is completely proper and indeed absolutely necessary in many cases. No one here disputes the administrative judge’s authority to make such a ruling. Miss.Code Ann. §§ 71-3-47 & 71-3-93 (Rev.1995) (general authority to conduct hearings and make decisions).
¶ 21. When the claimant then sought full-Commission review of this fact-finding based on the credibility of a witness, the Commission merely adopted the previous findings. This seems to be the source of the trial court and the majority’s concern. *312 May the Commission decide that a claimant is not credible without itself listening to the claimant? An appellate court traditionally defers in that fashion to a trial court, using such adages as the trial judge who “smells the smoke of the battle” is in a better position to determine credibility than an appellate court. Gavin v. State, 473 So.2d 952, 955 (Miss.1985). But the relationship between the administrative judges and the Commission is not quite the same. Nonetheless, I find it similar enough as will be explained.
¶ 22. By statute the administrative judge “shall have the authority of a commissioner.” Miss.Code Ann. § 71-3-93. There are of course three commissioners and no one commissioner makes final decisions on compensation. Miss.Code Ann. §§ 71-3-47 & 71-3-85. What is evident, though, is the administrative judge’s decision regarding compensation is final unless an appeal is taken. Miss.Code Ann. § 71-3-47. Once that appeal occurs, the Commission itself becomes the fact-finder and does not need to defer to findings made by the administrative judge. Even if that hearing officer’s decision is supported by substantial evidence, the supreme court has held that the full Commission’s contrary decision will be affirmed so long as it also is supported by substantial evidence. United Funeral Homes, Inc. v. Culliver, 240 Miss. 878, 882, 128 So.2d 579, 580 (1961). We are dealing here with the reverse. Is the Commission precluded from relying on a fact-finding by the administrative judge if part of the fact-finding, i.e., the credibility of a witness, is not based totally on matters reducible to the black and white of a printed transcript in the record?
¶ 23.1 acknowledge that the Commission could conduct a hearing, seek evidence from further investigation, and otherwise largely perform the function already managed by the administrative judge. Miss. Code Ann. § 71-3-47. Though much of the reason for the administrative judge’s credibility choice does appear in the record, such as the previous and not always disclosed compensation claims, presumably part of the reason for the initial decision was that the claimant herself did not come across as believable at least when compared to other witnesses. In my view, giving deference to the administrative judge on a matter such as the relative credibility of witnesses is within the discretion of the Commission in performing its review function. To some extent most cases have some component of credibility, whether of competing medical professionals or of the employer and the worker. I do not think that all the witnesses relevant to comparing credibility must be recalled by the Commission. An objectively reasonable determination by the administrative judge may be affirmed without the Commission itself hearing the same witnesses.
¶ 24. For these reasons I would affirm the Commission. The fact-finding that was performed was adequate and there is no need to imply the findings to support the Commission.
McMILLIN, C.J. AND PAYNE, J., JOIN THIS SEPARATE OPINION.